McMILLAN *et al. v.* LEE COUNTY and BOYLES, County Judge.

The submission by the county judge, of three several propositions at the same time, to a vote of the people, will not of itself render invalid the proceedings under such submission, if each proposition submitted, in other respects meets the requirements of the law.

In order to render the vote of any validity, and to confer any authority by it upon the county judge, all the requisites of the statute must be complied with, in reference to each question or proposition submitted to the vote.

No vote of the people adopting a proposition submitted to them, involving the borrowing or expenditure of money, is of any effect, unless there has accompanied the question submitted, a provision for levying a tax to pay the subscription or money borrowed, and unless the people adopt the tax also.

It is not required under the law, that there should be a distinct provision for levying the tax, in the proposition submitted to the people, to be voted for separately from the question of subscribing the stock; but to render the vote adopting the proposition to subscribe stock in the name of the county, of any

McMillan et al. v. Lee County and Boyles, County Judge.

effect, the proposition, and each of them, if more than one is submitted, must be accompanied by a provision for laying a tax to pay the subscription.

As every proposition for the borrowing or expenditure of money by a county, and for the laying a tax to pay the same, receives its vitality as a law, from the majority of the votes of the people cast in its favor, the vote of the people should be permitted to be cast for or against the proposition submitted, without restraint upon the free expression of their choice.

Where in a proceeding to declare certain proceedings of the county judge of Lee county illegal and void, and to restrain him from taking stock in the name of the county in three several railroad companies, and from issuing the bonds of the county in payment thereof, the petition alleged, that the said county judge was about to subscribe stock for the use and benefit, and in the name of the county of Lee, in three several railroad companies (naming them), to the amount of $150,000, in each, and to issue the bonds of the county for that sum, payable in twenty years, with eight per cent. annual interest, payable semi-annually in the city of New York; that to provide for the payment of the interest and principal of said bonds, it was proposed to levy an annual tax of one per centum on the real and personal property of the citizens of said county, so long as the same may be necessary for the object intended; that the county judge claimed to exercise this right and authority by virtue of certain proceedings, which are set out in the petition, from which it appears that at a special election, directed to be held at the usual places of holding elections in Lee county, on the 10th of September, 1856, the electors of said county were required to determine by their votes, whether the county of Lee should subscribe for stock to the amount of $150,000 in each of three railroad companies, (naming them); the said stock to be paid in the bonds of said county, bearing interest at the rate of eight per centum per annum, and whether in addition to the usual taxes, an annual tax of not exceeding one per centum on the taxable property of the county, to be continued from year to year, so long as the same was required, should be levied, to be applied to the liquidation of the principal and interest of the bonds aforesaid; that the electors were required to vote on each proposition for the subscription to the stock of each of said railroad companies, separately; that it was stipulated in the proposition submitted, and the notice given to the electors, that a majority of the votes given for each proposition for subscription of stock, should be considered as an adoption of the same; but that the subscription should not be made to either of said companies, unless there should be a majority of the votes cast in favor of each and all of them; that on the 26th of September, 1856, the county judge being satisfied that all the requirements of the statute in regard to said election, had been substantially complied with, and that a majority of the votes cast at said special election, were cast in favor of the subscription to the stock of each and all of said railroad companies, caused the propositions aforesaid, and the result of said election, to be entered at large in the minute book of the county court, as required by law, in order to give said vote and the entry thereof on the county records, the force and effect of an act of the General Assembly of the state of Iowa, which petition was

demurred to; and where the court sustained the demurrer, and dismissed the petition; *Held*, That the court erred in sustaining the demurrer, and dismissing the petition.

## *Appeal from the Lee District Court.*

THE petitioners, twelve in number, residents of Lee county, and tax payers therein, applied by petition to the District Court of Lee county, sitting at Fort Madison, to have certain proceedings of the county judge of said county declared illegal and void, and for an injunction to restrain him from taking stock in the name of the county, in certain roads mentioned in the petition, and from issuing the bonds of said county in payment thereof. The petition represents that the county judge is about to subscribe for stock, for the use and benefit, and in the name of the county of Lee, in three several railroad companies, that is to say, in the Fort Madison, West Point, Keosauqua, and Bloomfield railroad company ; in the Keokuk, Fort Des Moines, and Minnesota railroad company, and in the Keokuk, Mount Pleasant, and Muscatine railroad company, in each the amount of one hundred and fifty thousand dollars, and in the aggregate the amount of four hundred and fifty thousand dollars, for which he is to issue the bonds of the county of Lee, payable in twenty years, with interest payable semi-annually in the city of New York, at the rate of eight *per centum per annum*. That to provide for the payment of the interest and principal of said bonds, it is proposed to levy an annual tax of one *per centum* on the real and personal property of the citizens of said county, subject to taxation, so long as the same may be necessary for the object intended. It is further represented, that the county judge claims to exercise the right and authority in the premises, by virtue of certain proceedings, which are fully set out as part of the petition. From them we learn, that at a special election, directed to be held at the usual place of holding elections in Lee county, on the 10th of September, 1856, the electors of said county were required to determine by their votes, whether the county of Lee should subscribe for stock to the amount of one hundred and fifty

thousand dollars, in each of said railroad companies; the said stock to be paid in the bonds of said county, bearing interest at the rate of eight *per centum per annum*, and whether in addition to the usual taxes, an annual tax of not exceeding one *per centum* on the taxable property of the county, to be continued from year to year, so long as the same is required, should be levied, to be applied to the liquidation of the principal and interest of the bonds aforesaid. It further appears from said proceedings, and from the notice given by the county judge of said special election, that the electors were required to vote on each proposition for the subscription to the stock of each of said railroad companies, separately; that it was stipulated in the proposition submitted, and the notice given to the electors, that a majority of the votes given for each proposition for subscription of stock, should be considered as an adoption of the same, but that the subscription should not be made to either of the said companies unless there should be a majority of the votes cast in favor of each and all of them. On the 26th of September, 1856, the county judge being satisfied that all the requirements of the statute in regard to said election, had been substantially complied with, and that a majority of the votes cast at said special election, were cast in favor of the subscription by the county to the stock of each and all of said railroad companies, caused the proposition aforesaid, and the result of the votes at said election, to be entered at large in the minute book of the county court, as required by law, in order to give to said vote, and the entry thereof on the county record, the force and effect of an act of the General Assembly of the state of Iowa.

The petitioners allege, that their property will be injuriously affected by the subscription to the stock of said railroad companies, the issuing of said bonds by the county of Lee, and the levying of the tax in the manner set forth; and that the number of persons interested in the question is so great as to render it impracticable to bring them all as plaintiffs before the court. They charge that the county judge has no power, under the constitution and laws of the state, to take

McMillan et al. v. Lee County and Boyles, County Judge.

stock for the county of Lee, in said companies, as he is intending to do; and that if he has authority to take and subscribe for stock at all, it can only be conferred by a vote of the people of the county, taken in accordance with law, in which each proposition for subscription of stock by the county, shall be voted for as a distinct and separate proposition, depending on its own merits, and not by a proceeding which unites two or more propositions, and makes the success and adoption of each one, depend upon the adoption of all. They, therefore, charge that the whole of the proceedings of the county judge in the premises are void, as without authority of law; and pray that the same may be so declared, and for an injunction and relief.

At the October term, of the District Court for Lee county, sitting at Fort Madison, the defendants appeared, and filed their demurrer to plaintiff's petition, which demurrer was sustained by the court, and the petition dismissed. From this decree the petitioners appealed to this court; and the parties are agreed, that the question presented for the decision of this court is, as to the power of the county of Lee to vote for said railroad subscriptions, so as to render them valid and binding on the county, and to authorize the issue of bonds in payment thereof, as set forth in said petition, by virtue of the propositions submitted by the county judge to the vote of the people of said county.

*F. Semple*, for the appellants.

*Geo. W. Dixon*, for the appellees.

STOCKTON, J.—Several questions have been discussed with great ability and research by the counsel on both sides, on which the decision of the court is desired. If the objections taken by the complainants to the proceedings of the county judge, shall be sustained, the result must be, that the decree of the District Court should be reversed, and the relief prayed for by them granted. Our examination will first be given to the inquiry, whether the power vested by the statute in the county judge, of submitting certain

questions to the vote of the people of his county, has been exercised by him in a proper, legal, and binding manner, in submitting to the vote of the electors of said county, at the special election, the question of subscribing for stock in said railroad companies, in the manner and with the condition thereto annexed, as set forth by complainants. The authority of the county judge in the premises, is derived under chapter 15 of the Code, §§ 114, 115, 116, *et seq.* It must be taken as a conceded question, that if the power attempted to be exercised by him, has not been conferred by the sections above cited, it has in no other manner been conferred upon him, and his proceedings in the matters complained of, have been illegal and void. The county judge is authorized to submit to the people of his county, at any general election, or at a special election called for that purpose, the question whether the county will aid to construct any road which may call for an extraordinary expenditure. Section 114. In submitting such questions to the vote of the people, the whole question, including the sum desired to be raised—the amount of tax to be levied—the time of its having operation or taking effect—the forms in which the question shall be taken—and a copy of the question to be voted upon—are to be duly published and posted up at each place of voting, during the day of the election. Section 115. When the question to be voted upon, involves the county in the expenditure of money, it must be accompanied by a provision to levy a tax for the payment thereof, in addition to the usual taxes; and no vote adopting the question proposed, is to be of any effect, unless it adopts the tax also. Section 116. The county judge, on being satisfied that a majority of the votes cast, are in favor of the proposition submitted in compliance with the requirements of the law, shall cause the proposition and the result of the vote thereon, to be entered at large in the minute book of the county court, and notice of its adoption to be given, and from the time of entering the result, the vote and the entry thereof, on the county records, shall have the force and effect of an act of the General Assembly. Section 119.

It is claimed, that in the exercise of the authority vested in him, by virtue of the above provision of the Code, the county judge of Lee county has not proceeded in conformity to law. The irregularity is charged to consist in his submitting to the vote of the people, at one and the same time, propositions to subscribe to the capital stock of three railroad companies, one hundred and fifty thousand dollars, in each of said companies, and in his making the adoption of each one of said propositions, depend upon the adoption of all. After the most careful and attentive consideration which we have been permitted to give to the subject, we have not been able to arrive at the conclusion that the proceedings of the county judge of Lee county, have been authorized by law. We shall proceed to point out the particulars wherein we deem his acts in the premises have been irregular, and consequently void.

The question first arises, upon the regularity of the course adopted by him, in submitting to the vote of the people, at one and the same time, propositions for the county to subscribe to the capital stock of three railroad companies. The mere fact that there was a submission of three several propositions at the same time to the vote of the people, if each proposition submitted in other respects met the requirements of the law, would not of itself, render invalid the proceedings under such submission. It may be as competent for the county judge to submit these questions to the vote of the people, to be decided at the same election, as to submit one question singly. But in order to render the vote of any validity, and to confer any authority by it upon the county judge, all the requisites of the statute must be complied with, in reference to each question or proposition submitted to the vote. No vote of the people, adopting a proposition submitted to them, involving the borrowing or expenditure of money, (as for instance, a subscription to the capital stock of a railroad company, and the issuing of county bonds in payment of the same), is of any effect, unless there has accompanied the question submitted, a provision for levying a tax to pay the said subscription or money borrowed; and unless

the vote of the people adopt the tax also. Section 116. While the county judge, in the proceedings which are under examination, submitted to the vote of the people, the question whether the county should subscribe one hundred and fifty thousand dollars to the capital stock of each of said railroad companies; and while he directed the vote upon the question of each subscription to be taken separately, there was no separate provision for a vote to levy a tax for the payment of each subscription, nor of the bonds which it was sought to authorize the county judge to issue, in fulfillment of the same.

We do not think it is requisite under the law, that there should be a distinct provision for levying the tax, in the proposition submitted to the people, to be voted for separately from the question of subscribing the stock. But we are of opinion, that to render the vote adopting the proposition to subscribe stock in the name of the county of Lee, in either of said companies, of any effect, the propositions and each of them, must be accompanied by a provision for levying a tax to pay the subscription. It is not sufficient that a provision, general in its terms, and applying to the whole three questions submitted, accompanies the proposition, as in this instance, declaring that "an annual tax not exceeding one per centum on the county valuation shall be levied, to be applied to the liquidation of the principal and interest of said bonds." The law, according to the view that we have taken of its provisions, evidently contemplates distinctness and unity in each question or proposition submitted for adoption or rejection by a vote of the people. Each proposition submitted to such vote, should be complete in itself, and should contain every requisite prescribed by the statute, as necessary to give validity and effect to the borrowing or expenditure of money, the subscription of stock, or the issue of county bonds.

There is still another objection which we must regard as equally fatal to the validity of the proceedings, on which the authority claimed by the county judge in this instance, is based. Every proposition for the borrowing or expenditure of money by a county, and for the levy of a tax to pay

the same, receives its vitality as a law, from the majority of the votes of the people cast in its favor. Such being the case, we think it is evidently the policy of the law, no less than its spirit and intention, that the vote of the people should be permitted to be cast for roagainst the propositions submitted, with no restraint upon the free expression of their choice. We have said that in our opinion, the law contemplates unity and distinctness in the question authorized to be submitted, in contradistinction to the uniting of several questions in the same proposition, or the incumbering of any proposition with conditions not required or not permitted by the statute. The proceedings coming under our notice in this cause, present a most forcible illustration of the wisdom of what we deem to have been the policy of the statute. The people were not called upon, nor were they permitted, to decide by their votes whether the county of Lee should borrow money for one purpose or object. No single question was submitted to their votes to be decided upon its own merits, or by the judgment of the people in its favor. Nor were three propositions submitted at once, to be voted upon and decided upon, either singly or in the aggregate. No question submitted was permitted to stand by itself, or to take effect upon the decision of the people in its favor. On the contrary, while it is contained in the proposition, that a majority of the votes cast in favor of the subscription to the stock of either company, should be considered its adoption by the people, it is also further contained and declared, "that the said subscription shall not be made to either of said companies, unless the vote shall be carried in favor of each and all of them."

We cannot regard this in any other view, than as an attempt to impose a condition upon the taking effect of the vote of the people adopting a proposition submitted to them, wholly unauthorized by the law. They were entitled to have the question of the county taking stock in either of these railroad companies, submitted to their decision, unincumbered by any such condition or proviso. To make the success of any one proposition depend upon the adoption of all, was to

take from the expression of the will of a majority of the people, that essential validity intended by the law to be imparted to it, where it declares that the question adopted by them shall have the force and effect of an act of the General Assembly.    The county judge can neither add to, nor take from this validity by any proviso, condition, or restriction, sought to be imposed by him.    The will of the people, expressed by the adoption of the proposition for the borrowing or expenditure of money by the county, is the law of the land.    The force and effect thus imparted to their will, is intended to be given to that will freely expressed.    The county judge can impose no condition upon its taking effect. If the majority of the votes of the people is in favor of the adoption of the proposition, why should it not be declared to be the law and carried into effect, as provided for and intended by the statute?    On the other hand, why should the force and effect of law be given to the vote adopting any proposition, which has not rested solely on its own merits for the favor it has obtained at the hands of the people, but which may have been assisted to the votes it received, by other questions, with which it was so connected, as that it must stand or fall with them.    The law, in our opinion, has provided for no such mode of submitting these questions to the vote of the people.    The evils which might be permitted to grow up under such a system, are so obvious and apparent, that any extended discussion of the question by us, would be superflous.    It may be sufficient to suggest, that if it were allowed, measures in themselves odious and oppressive, might by means of it, become fastened upon a county, which in no other way could have obtained the number of votes requisite to insure their adoption, but by being connected with some other proposition, which commended itself to the favor and suffrage of the people, by its inherent merits and popularity.    They must be adopted or rejected together.    After the same manner, a measure desirable and necessary to a people of a county, may when offered for their adoption, be rejected by their votes and fail to become a law, by reason of its connection with some other measure or meas-

McMillan et al. v. Lee County and Boyles, County Judge.

ures unpopular or uncalled for. In either case, there is an evil. An unpopular measure may be forced upon an unwilling people, or a necessary and desirable one may be denied them, in despite of their wishes. It is sufficient for us to say, that the law, in our opinion, intended to provide for no such system of contradictions. A measure wise and salutary in itself, needs no adventitious assistance to recommend it to the suffrages of the people, or to insure its adoption by them. It may demand that its enactment into a law, shall be made to depend upon their sanction alone. A pernicious measure is· not entitled to such assistance, and should be permitted to stand or fall by its own inherent merits or defects.

It is no sufficient argument herein, in support of the regularity or legality of the proceedings of the county judge, that the record exhibits the fact that each of the propositions submitted to the vote of the people, was adopted by a large majority. We do not undertake to say, that they might not each have been adopted separately, or in a separate proceeding unconnected with each other, or with any other question. But we cannot say, on the other hand, but that in such separate and independent proceeding, one or more might have been rejected by the vote of the people. The possibility is sufficient for us to base an argument upon, against the legality of the course adopted. We cannot draw any argument from the result as shown. It is upon this very result, that we would ·base our argument against the validity of the proceeding. They have been adopted by uniting upon each one, the votes of the separate friends of all. But why was it deemed advisable to unite them? Why not suffer each to be adopted or rejected by the people, in a separate and independent vote? Why, but because there might be fears that no one project would of itself, receive a sufficient number of votes, to insure its adoption by the people? and because by a combination of interests, it might be hoped to unite upon all the propositions, the votes of the separate friends of each? A mode of obtaining such a result, we may be permitted to say, which the law did not contemplate, and which to our minds, seems wholly unauthorized.

VOL. III. 21

Our conviction of the correctness of these views, is strengthened by the consideration, that the constitution of the state provides in reference to acts of legislation by the General Assembly, that "every law shall embrace but one object, which shall be expressed in the title." Article 3, § 26. The purposes to be secured, as well as the evils to be remedied or avoided, by this provision, can hardly be the subject of controversy. It was intended to place a check upon a mode of legislation, by which measures wholly incongruous, in many instances, deleterious and objectionable, were passed into laws, by uniting them together in one bill, and thus securing the support and influence of the separate friends of each, to pass them all into a law—a practice so long pursued, that it had in some localities grown into a system, the evils of which have become barely less than historical. The constitutional restriction upon the legislation of the General Assembly, does not in its letter apply to the qualified legislation provided for by the statute in the case of the borrowing and the expenditure of money, or levying taxes to pay the same, by the county judge. We can well apprehend, however, how it may become requisite that the spirit of this provision of the fundamental law, should run through all the acts and measures of such inferior and subordinate authorities and tribunals, as may have committed to them, in even a qualified sense, the duties and responsibilities of legislation. The authority vested in the county judge, of submitting certain questions to the vote of the people of his county, which when adopted by them, are to have the force and effect of an act of the General Assembly, is derived entirely from the statute. The duties imposed upon him, and the several steps to be taken by him, throughout the whole of the proceedings, are plainly prescribed by the statute. He may determine whether the question may be submitted to the vote of the people, and the time when it shall be so submitted. But beyond this, it does not seem to us, that there is left to him any discretion in the premises. There is no provision for connecting two or more questions in one submission; for making the adoption of each one depend upon

the adoption of all; nor for imposing any condition whereby a proposition adopted by a majority of the votes, shall be prevented from becoming a law.

The authority exercised by the county judge, in the proceedings complained of in this suit, if they properly belong to him at all, can only be inferred from a construction of the statute, which we do not deem legitimate. We do not think that any such authority can be inferred from it. In the spirit of the prohibitory clause of the constitution, to which reference has been before made, we must hold, that he is to be confined in the submission of any question by him, to the vote of the people, to such as shall embrace only one object.

As the decree of the District Court denying the relief sought, and dismissing complainants' petition, must be reversed, for the reasons above set forth, we do not deem it expedient or necessary, at the present time, to enter into any examination of the other questions presented and discussed by the counsel. Their inherent importance, and the great interest felt in their decision by a large portion of the people of the state, admonish us of the patient study and deliberation with which their investigation must be attended; and we have deemed it proper to avoid rendering any judgment upon them, until they shall arise in some case where the decision is rendered necessary, in order to its final disposition. Another reason which has had its weight with us, is that it is understood that the questions raised have been passed upon and decided by the former members of this court, in the case of *The County of Dubuque* v. *The Dubuque and Pacific Railroad Company*. But as no written opinion has been filed in this court, and as we are uninformed as to the exact questions decided, as well as of the reasons upon which the decision was based, we have concluded to give no opinion upon them. As their decision is not necessary to the disposal of this cause, we have the more readily adopted this conclusion. The order and decree of the District Court in favor of defendant, sustaining the demurrer to complainants' peti-

tian, and dismissing the same, are reversed, and the cause remanded to said District Court, for further proceedings not inconsistent with this opinion.