UNION PAC. R. CO. (MAGEE v.). See Case No. 8,945.

# Case No. 14,383.

## UNION PAC. R. CO. v. MERRICK COUNTY.

[3 Dill. 359;[1] 6 Chi. Leg. News, 342.]

Circuit Court, D. Nebraska. May Term, 1874.

RAILROAD COMPANIES—COUNTY AID—STATUTE CONSTRUED—CONDITIONS ANNEXED.

1. The issue of bonds by a county to a railroad company will not be restrained where the requirements of the statute authorizing the issue have been complied with.

2. A vote by a county to issue bonds to a given railroad company whose line runs to the county seat is not rendered invalid by a condition that a depot of the company shall be located within a specified distance of the county seat, nor by a condition that the railroad bridge over a large stream in the county shall be so constructed that it may be used as a free wagon bridge.

This is a bill in equity to restrain the county authorities of Merrick county from issuing certain bonds voted to the Midland Pacific Railway Company. The statute of Nebraska provides "that any county or city in the state of Nebraska is hereby authorized to issue bonds to aid in the construction of any railroad, or other work of internal improvement, to an amount to be determined by the county commissioners of such county, or the city council of such city, not exceeding ten per cent of the assessed valuation of all taxable property in said county, or city: Provided, the county commissioners or city council shall first submit the question of issuing such bonds to a vote of the legal voters of said county or city, in the manner prescribed by the statute." At a session of the board of county commission-

ers of Merrick county, held at Lone Tree, upon the 25th day of July, 1873, it was by said board resolved that the following proposition be submitted to the electors of Merrick county, to wit: "Shall the county commissioners of Merrick county aforesaid, for the purpose of aiding in the construction, extension and completion of the Midland Pacific Railway from the city of Lincoln, in the county of Lancaster in said state, to the town of Lone Tree in said Merrick county, issue the bonds of said county in the sum of one hundred and twenty-five thousand dollars ($125,000), payable to the Midland Pacific Railway Company, or bearer, to be dated the first day of January, A. D. 1875, and payable in twenty years from the date thereof, with interest thereon at the rate of ten per cent per annum from and after the date thereof, payable annually on coupons thereto attached. The principal and interest of said bonds to be paid in the city of New York, said bonds to be deposited with some national bank selected by the county commissioners of said county and the said Midland Pacific Railway Company, jointly. Said bonds for $125,000 to be delivered by the national bank selected as aforesaid to said Midland Pacific Railroad Company, or order, when the said railway shall have been completed from Lincoln, aforesaid, to Lone Tree aforesaid, and shall have regular trains running thereon for business; provided, said railway shall have been completed and have through trains running regularly thereon, from Lincoln aforesaid, to Lone Tree, aforesaid, on or before the 1st day of January, 1875; and, provided, also, the depot of said railway shall be located within one fourth of a mile of the court house of said county; and, provided, further, that said railroad company shall cross Prairie Island with their road, and shall plank their bridge at least eighteen feet in width from the north bank of said Prairie Island to the north bank of Platte river for a wagon bridge, and shall open the same free for a public highway, and shall enter into a good and sufficient contract to keep and maintain said bridge as aforesaid for a highway for ten years from January, 1st, 1875; and the county commissioners aforesaid shall cause to be levied annually, in addition to the other taxes, an amount of tax sufficient to pay the interest, and after the year 1883 an amount of tax sufficient to pay the principal thereof, provided, such tax so to be levied shall not exceed the amount authorized by law to aid the construction of works of internal improvement in said state of Nebraska, etc., etc."

A. J. Poppleton and E. Wakely, for plaintiff.

M. H. Sessions, for defendants.

DILLON, Circuit Judge. This is a bill by the Union Pacific Railroad Company, as the

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

owner of a very considerable portion of the taxable property within the county of Merrick, to restrain the county commissioners of that county from issuing $125,000 of the bonds of the county to the Midland Pacific Railway Company pursuant to a vote of the people of the county, at an election held on the 30th day of August, 1873. The cause is before the court on final hearing upon the pleadings and proofs.

The counsel for the plaintiff relies mainly upon two grounds for the relief sought. These will be briefly noticed.

The first is that no copy of the question submitted to the voters of the county was posted up at the place of voting during the day of election in Lone Tree precinct, the town of Lone Tree being the county seat, and that precinct giving in favor of the proposition a larger vote than the majority for the proposition throughout the county, thus controlling the result. We held on demurrer to the bill that the law of Nebraska made it essential to the regularity of the vote that "a copy of the question submitted should be posted up at the places of voting;" but the proofs quite satisfactorily show that the law was complied with in this respect. It is conceded that a copy of the question was posted on the front door of the court house building (in one of the rooms in which the election was held). and was the usual place for posting official and legal notices; and the evidence also tends very strongly to show that another notice was posted on the door of the very room (the sheriff's office) in the court house in which the election was held. This ground of relief, therefore, falls upon the proofs.

The next ground relied on by the complainant is that "the proposition or question submitted involved three distinct subjects to be passed on, and consequently the submission was illegal. First, the construction of the railroad to Lone Tree. Second, the establishment of the depot at a particular place. Third, the construction of a wagon bridge over the Platte river." In support of this position, counsel rely upon Lewis v. Commissioners of Bourbon Co. (decided by the supreme court of Kansas, 1873) 12 Kan. 186, and upon Board of Sup'rs of Fulton Co. v. Mississippi & W. R. Co.. 21 Ill. 338; People v. Tazewell Co., 22 Ill. 147; Clarke v. Board of Sup'rs of Hancock Co., 27 Ill. 310; and McMillan v. Lee Co., 3 Iowa, 311.

Without examining or questioning these cases, our opinion is that the present case does not fall within the principle they assert. There were not three distinct propositions submitted or three separate projects sought to be aided. On the contrary. only one proposition was submitted, viz.: to vote aid to the extent of $125.000 to the Midland Pacific Railway Company; but this aid was to be upon condition that the depot of the company should be located within one-fourth mile of the court house of the county,

and upon the further condition that the company would so construct its railroad bridge over the Platte river, that it might be used as a wagon bridge, and would agree that it might be so used for ten years, and to that end would keep it in repair during that period.

These conditions are reasonable in themselves, and such as the county authorities might, in their judgment, require. They are conditions obviously in the interest of the county, and if the vote would have been valid without them, we cannot see why they render it illegal. Pacific R. Co. v. Leavenworth [Case No. 10,649]; Northern Cent. R. Co. v. Mayor, etc., of Baltimore, 21 Md. 93; Phillips v. Town of Albany, 28 Wis. 340; Lawson v. Milwaukee & N. R. Co., 30 Wis. 597; Rhey v. Railroad Co., 27 Pa. St. 261; Id. 318.

The law of the state on the subject of voting aid to railways has been sustained by the supreme court of the United States as valid in the Otoe County Case. We may doubt the wisdom of the enactment, but being valid we have no right to overthrow it; and as the law in the case before us seems to have been complied with in all essential particulars, we see no ground on which we would be justified in restraining the issue of the bonds which a majority of the people of the county have voted. Bill dismissed.

See Union Pac. R. Co. v. Lincoln Co. [Case No. 14,380], as to restraining the issue of bonds by public corporations.