A. H. BROWN v. T. F. CARL, Mayor of the Town of Lone Tree, *et al.,* Appellants.

**Erection of Waterworks:** PROPOSITION SUBMITTED AT ELECTION: *Sufficiency of proposition.* Under Code, section 720, providing that no waterworks shall be authorized, established, or erected

by a town unless a majority of the legal electors voting thereon vote in favor of the same, the construction of waterworks by a town is not authorized by a majority vote at a special election upon the question, "Shall the town issue bonds for the purpose of erecting, maintaining, and operating a system of waterworks?"

CONSTRUCTION OF PROPOSITION. The proposition, "Shall the town issue bonds, not to exceed the sum of $3,500, for the purpose of erecting, maintaining, and operating a system of waterworks?" is misleading, in that it limits the amount to be used for maintaining as well as constructing the waterworks; and its submission to a vote of the people cannot be made the basis of authority for construction of such works.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

WEDNESDAY, MAY 23, 1900.

ACTION in equity by a citizen and taxpayer of the town of Lone Tree against the mayor and members of the town council to restrain the issuance of bonds voted for the purpose of raising money to construct a system of waterworks in said town, on the ground that the voters had not legally authorized the construction of said works. On a hearing, the injunction was granted as prayed. Defendants appeal.—*Affirmed.*

*O. A. Byington* and *Ranck & Bradley* for appellants.

*Baker & Ball* for appellee.

WATERMAN, J.—It is claimed that a majority of the legal votes cast at an election held for that purpose were in favor of the construction of such waterworks, and the issue here arises on the form of the proposition submitted. Code, section 720, in relation to building waterworks by a city or town, provides: "No such works or plants shall be authorized, established, erected, leased or sold or franchise extended or renewed, unless a majority of the legal electors

VOL. 111 Ia—39

voting thereon, vote in favor of the same at a general or special election." Section 721 makes further provision in the matter, but nowhere is the form of the question to be submitted precisely stated. It is manifest, however, that this requirement is a limitation upon the power of the municipality. The question submitted and voted upon in this case was: "Shall the town issue bonds, not to exceed the sum of $3,500, for the purpose of erecting, maintaining, and operating a system of waterworks for said town?" The question to be passed upon, under the statute, was whether the municipality should construct waterworks. It is in the proposition submitted only by implication. There is no reason why the plain question to be passed upon should not have been submitted. This proposition is to issue bonds, and not, in terms, to build the plant. It is argued that the implication is a necessary one, but we are not able to say that enough voters were not misled to effect a change in the result. It is true, the law does not provide for the submission to the voters of the question of issuing bonds, but this fact hardly aids defendants. That was the question submitted, and the voters, knowing the law did not require such action on the part of the council, may have supposed the vote to be advisory only in case the plant was erected. The vote on the building of the works might, as they perhaps supposed, have followed the vote to issue bonds. While the proposition submitted and voted upon provided for the use of the money raised in part for operation of the works, this was but an incident of the real question propounded, which was whether bonds should be issued. We find no case directly involving the issue as to the form of the question to be submitted, but it appears to us that the precise question to be passed upon should be placed in plain terms before the voters.

Another serious defect in the question voted upon is that it fixes the amount of $3,500 as the limit of the amount

to be used for maintaining as well as constructing the water-works. In *McMillan v. County Judge*, 3 Iowa, 311, it is said: "The law contemplates unity and directness in the question authorized to be submitted, in contra-distinction to the uniting of several questions in the same proposition, or the incumbering of any proposition with conditions not required or not permitted by the statute." The maintenance of the waterworks was a condition not required to be submitted. It was in the nature of an inducement to the voter to cast an affirmative ballot; for it stated, in effect, that the town should not be bonded for more than three thousand five hundred dollars, and this sum would be used, not only to pay for construction, but also for main-tenance. Stripped of this condition, it is impossible to say whether the majority of electors would have voted in favor of the proposition. It is not a question whether any voter was in fact misled. The validity of an election cannot be made to depend on extrinsic evidence. Is the language of the ballot so plain that there could have been no mistake as to the proposition submitted? We think it should have been, and we are equally clear that it was not. There is no reason for placing anything more on the ballot than the simple question specified in the statute, although something added thereto, if not calculated to mislead, might well be held not to invalidate the election. But here the addition was misleading in its character. In our opinion, the decree rendered by the trial court is correct, and it is AFFIRMED.