## COOPER *v.* TOWN OF MIDDLETOWN ET AL.

[No. 8,823.   Filed May 26, 1914.]

1.   MUNICIPAL CORPORATIONS.—*Powers.*—*Expenditures for Street Lighting.*—Aside from §8921 Burns 1914, Acts 1911 p. 561, relating to the erection of electric light works by municipal corporations, a city or town, as an incident to the ordinary powers given to it by the State, and as necessary to a proper exercise of its functions, may use its accumulated funds and current revenue, not otherwise appropriated, for the purpose of furnishing its streets and other public places with electric light.   p. 378.

2.   MUNICIPAL CORPORATIONS.—*Powers.*—*Issue and Sale of Bonds for Light Plant.*—*Statutes.*—The authority of a town to issue and sell bonds for the purpose of building an electric light works is to be found only in §8921 Burns 1914, Acts 1911 p. 561, and since under that statute such authority is dependent upon the vote of the citizens, the purpose for which the statute permits the creation of the debt must be strictly observed, and the conditions and terms on which the authority is granted must be fully and substantially followed.   p. 378.

3.   MUNICIPAL CORPORATIONS.—*Town Trustees.*—*Judicial Powers.*—*Exercise of Power.*—While a board of town trustees is clothed with judicial powers, it has an inferior and limited jurisdiction, and in the exercise of statutory powers, where the method is prescribed, the course prescribed must be strictly pursued or its acts will be void, and where it assumes to act beyond its authority, it may be enjoined if the facts are such as to warrant an injunction.   p. 379.

4.   MUNICIPAL CORPORATIONS.—*Electric Light Works.*—*Election on Question of Bond Issue.*—*Prior Determination of Cost.*—*Statutes.*—Under §8921 Burns 1914, Acts 1911 p. 561, conferring authority on municipal corporations to issue and sell bonds for the erection of electric light works, provided the question of erecting such works has first been favorably voted upon by a majority of the voters at an election held for the purpose, it is not required that either the cost or the amount of the bond issue shall be determined before submitting the question of erection to the voters.   p. 380.

5.   MUNICIPAL CORPORATIONS.—*Action to Enjoin Performance of Contract for Lighting.*—*Complaint.*—*Sufficiency.*—A complaint to enjoin the carrying out of a contract between a town board and an electric railway company whereby the latter was to furnish electricity for lighting the town, alleging that the town had determined to erect a light plant pursuant to §8921 Burns 1914, Acts 1911 p. 561, that the requisite steps, including an election, had

been taken under said statute, and that bonds had been issued and sold for the purpose, and further alleging that such board is not erecting and does not intend to erect a light plant, but is about to purchase and erect poles and wires and has entered into a contract with its codefendant for the supply of electric current, etc., sufficiently shows that such board is not expending the proceeds of the bond issue for the purpose authorized by the statute and the resolution passed pursuant thereto, and states a cause of action against both defendants. pp. 381, 382.

6. MUNICIPAL CORPORATIONS. — *Construction of Electric Light Plants.—Statutes.—"Electric Light Works."*—The purchase and erection of poles and wires by a town for the distribution of electricity for lighting purposes, is not the erection of an electric light plant within the meaning and intent of §8921 Burns 1914, Acts 1911 p. 561, authorizing municipal corporations, on conditions therein prescribed, to construct "electric light works" and to issue and sell bonds for such purpose, but such statute contemplates the erection of works which include a generating as well as a distributng plant. p. 381.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Anna D. Cooper against the Town of Middletown and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Forkner & Forkner,* for appellant.
*Barnard & Jeffrey* and *J. A. VanOsdol,* for appellees.

HOTTEL, J.—Appellant as a citizen and taxpayer of the town of Middletown, Henry County, Indiana, filed a complaint in the court below against said town and the Indiana Union Traction Company, appellees, to set aside and enjoin the carrying out of a contract made by said town with said traction company to furnish the town with electric current for the purpose of street lighting, and to compel, by mandatory injunction, the town to proceed with the construction of an electric light plant under and pursuant to a resolution of the board of trustees approved by a majority vote of the citizens of the town at a public election held pursuant to such resolution. To this complaint appellees each filed a separate demurrer on the ground of insufficiency of facts. These demurrers were each sustained

and appellant having refused to plead further, judgment was rendered against her and in favor of appellees for costs. These rulings are assigned as error and relied on for reversal.

The averments of the complaint necessary to an understanding of the questions presented by the appeal are in substance as follows: The board of trustees of said town passed the following resolution: ''Be it ordained by the Board of Trustees of the town of Middletown, Indiana, that the town build an electric light plant, and for that purpose issue bonds of said town for ten thousand dollars, not to exceed in cost, twelve thousand dollars, and that the question of building said electric light plant be submitted to the voters of said town at an election to be held from six a. m. to six p. m. on the 23rd day of July, 1910, in said town, due notice of such election to be given for twenty days by publication for two weeks, and each week by the Middletown News. Said election shall be held at the following place in said town; in the vacant store of John E. Sanders, on the east side of South Fifth Street.'' Pursuant to this resolution notice was given and an election had at which a majority of the voters of the town voted in favor of building an electric light plant, as provided in said resolution. The report of such election was made to the board, and after it was received and placed on file, the board, by ordinance, authorized the issuing and sale of $10,000 of bonds of said town. These bonds were issued and sold and the proceeds derived therefrom turned into the treasury of the town. The town and its board of trustees failed, neglected and refused and are yet refusing to carry out the provisions of said resolution, and build an electric light plant as provided therein; but are about to purchase and construct a large number of poles, wires and equipment in and upon the streets of the town, at a cost of more than $10,000, without building, providing or constructing any machinery, engines, buildings, dynamos or other appliances necessary

to be used in the operation of the same for lighting pur-
poses, and instead of building or constructing an electric
light plant as authorized in said resolution, the town and
its board of trustees have entered into a contract with the
Indiana Union Traction Company to purchase of said com-
pany the electric current necessary to supply the wires to
be constructed as aforesaid for the purpose of lighting the
town. The town and the board of trustees are not intend-
ing and will not construct an electric light plant, and are
acting in violation of the terms and conditions of said reso-
lution, and wholly without authority of law, in attempting
to purchase electric current of said company, instead of
constructing the plant authorized by the resolution and
running and operating it as contemplated and provided in
the resolution; that unless enjoined defendants will com-
plete the erection of the poles and wires, and will attempt
to carry out the alleged contract with said company to the
great detriment of said town and the citizens and tax-
payers thereof.

The resolution in question was based on §8921 Burns
1908, Acts 1905 p. 219, §249 (since amended, Acts 1911 p.
561, §8921 Burns 1914), which in so far as relevant to the
question here involved, provides as follows: "Any city or
town may determine to erect * * * electric light
works * * * or to purchase or lease any such works
already constructed or in course of construction and owned
by any person, corporation or company, together with all
the property, rights and privileges connected therewith, and
may also purchase, or lease, other lands for like purposes;
and such city or town is hereby authorized, for the purpose
of procuring means for erecting, extending, improving, pur-
chasing or leasing any such works, and thus furnishing the
inhabitants of such city or town * * * with light,
power or heat, to issue the bonds of such city or town
* * *. *Provided,* That * * * the board of trustees
of any town contemplating the building, extension, improv-

ing, purchasing or leasing of any such works, shall, before the approval of any such contract or resolution for such erection, purchase or lease, first submit the question to the qualified voters of such city or town, at a special or general election, of which election and the submission of such question thereat, notice shall be given for twenty days by publication * * *. Voters desiring such works may vote * * * 'For Electric Light Works' * * * or, if opposed * * * 'Against Electric Light Works' * * * and if a majority of the voters voting on such question at such election be in favor of such works such * * * town shall have power to build, extend, improve or purchase any such works; and the * * * board or town trustees shall thereupon, by ordinance, approve such contract or resolution.''

Independent of this statute appellee town, by virtue of, and as incidental to the ordinary powers given it by the State as such municipal corporation, and as necessary

1. to a proper exercise of its functions as such corporation, had the right to use its accumulated funds and current revenues not otherwise appropriated for the purpose of furnishing its streets, alleys, parks and other public places and buildings, with electric lights. *City of Crawfordsville* v. *Braden* (1892), 130 Ind. 149, 152, 153, 28 N. E. 849, 14 L. R. A. 268, 30 Am. St. 214; *Rushville Gas Co.* v. *City of Rushville* (1889), 121 Ind. 206, 23 N. E. 72, 6 L. R. A. 315, 16 Am. St. 388; 3 Dillon, Mun. Corp. (5th ed.) §1302. See, also, 4 McQuillin, Mun. Corp. §1783.

This authority of a municipality just indicated is conceded by appellant, but it is insisted that by virtue of it alone such town had ''no power to issue or sell bonds in

2. the open market or pledge the credit of the corporation for the purpose of building electric light or water plants''; that the power to issue and sell bonds for such purpose is given by §8921, *supra,* and that in the exercise of the right given by such statute, appellee town

had just such powers as such statute gave it and none other; that the only authority given such town under its resolution above set out "was to build an *electric light plant* at an entire cost not to exceed twelve thousand dollars;" that the board of trustees of said town had no power to build a plant that would cost to exceed said sum, nor had it the power to expend such amount "in the mere incidents of a plant and refuse to construct the plant itself, and contract with private parties for the current." Appellant is correct in her contention that the right of such town to issue and sell bonds for the purpose of "building * * * electric light works" is found in such special statute alone, and, when, as is the case in this statute, the governing body of a municipality must depend on a vote of its citizens alone for its authority to incur a debt for a particular purpose, the purpose for which the statute permits the creation of the debt must be strictly observed and the conditions and terms on which the authority is granted must be fully and substantially followed. *Tukey* v. *City of Omaha* (1898), 54 Neb. 370, 74 N. W. 613, 69 Am. St. 711.

While the board of trustees of a town is clothed with judicial powers, in the exercise of such powers it is a court of inferior and limited jurisdiction, and it is well settled both on principle and by authority that where statutory powers are conferred on such tribunal and the mode of executing those powers is prescribed, the course pointed out must be strictly pursued, or the acts of such court will be *coram non judice* and void. When such a court has been entrusted with the exercise of discretionary powers and the acts done are within the powers conferred, and have been performed in good faith then no court possesses the power to interfere with or control such discretion. But if such tribunal assumes to do that which the legislature has not said it may do then in so far as the excess is concerned it has no authority and if its acts be of a nature to warrant an injunction it will be granted against it.

Adams' Equity *212; *English* v. *Smock* (1870), 34 Ind. 115, 119, 7 Am. Rep. 215. It follows from what we have said, and the authorities just cited, that the question which we are called on to determine is whether the averments of the complaint are sufficient to show that the funds derived from the sale of bonds are being used for a purpose unauthorized by the statute, *supra.* It will be observed that the thing which this statute requires the

4.

town board to first do when it contemplates providing the town with "electric light works" is to determine whether it will erect its own works, or lease such works already constructed or in course of construction, and owned by some other person, corporation or company. The complaint shows that, in this case, the town by its board of trustees determined *to build an electric light plant* to cost not to exceed $12,000, and for such purpose to issue the bonds of the town for $10,000. The statute did not require such board to determine either the cost of such plant or the amount of the bond issue before submitting to the voters of the town the question whether they wanted "electric light works".

If this action were one to set aside the proceedings of such board on the ground of their invalidity and the complaint averred that the question of the amount of the bond issue or the cost of the plant to be erected, or any question other than that directed by the statute, *was submitted to the voters along with the proposition which the statute requires to be submitted to them* and that they were thereby misled and induced to vote as they did, such averments would be of controlling influence. *Twitchell* v. *Sea Isle City* (1909), 78 N. J. L. 165, 73 Atl. 75; *Brown* v. *Carl* (1900), 111 Iowa 608, 610, 611, 82 N. W. 1033; *Neacy* v. *Milwaukee* (1910), 142 Wis. 590, 593, 126 N. W. 8; 4 McQuillin, Mun. Corp. §1795. But, as affecting the question under consideration, we need not and do not decide what effect the fixing of the

bond issue and the cost of the plant by said board *in said resolution* had on its proceedings.

It is sufficient for the purposes of the question which we are called on to decide to say that the averments of the complaint show that such town by such resolution of its board determined to build an electric light plant. It is further averred in effect that such board is not building such a plant and does not intend to build one, but that on the contrary it is about to purchase poles, wire and equipment to be placed in the streets of the town at an expense of more than its bond issue, and has entered into a contract with its co-appellee to purchase of it, electric current to light the town. These averments are, we think, sufficient to show that such board is not using the funds derived from the bond sale for the purpose authorized by the statute and the resolution passed pursuant thereto. It is very earnestly contended by appellee that the averments of the complaint show that such board has in fact provided a plant calculated to accomplish the whole undertaking contemplated by the statute and the resolution in question; that the erection of the wires, poles and other appliances for the receiving and carrying of the electric current, which the complaint shows such board intends to erect, would be a "plant" within the meaning of such word as used in said resolution and would be "electric light works" within the meaning of the statute, *supra*. While such appliances and equipment might in some cases be treated and spoken of as a distributing plant, we are of the opinion that such equipment falls short of being "electric light works" within the meaning of the statute under consideration. We think it clear that the "electric light works" contemplated by this statute, and hence voted for by the citizens of said town, comprehends and includes not only the equipment and appliances necessary to receive and carry the current, but also a generating plant. For defini-

tions of the word "plant" and "electric light works" see, *Fisher Electric Co.* v. *Bath Iron Works* (1898), 116 Mich. 293, 74 N. W. 493; Words and Phrases 2342, 7524; 15 Cyc. 481; 30 Cyc. 1637.

We think the complaint states facts sufficient to show a cause of action in appellant as to each of the appellees and hence, that the demurrers thereto should have been overruled. The judgment is therefore reversed with instructions to the court below to overrule the demurrers to the complaint and for any further proceedings not inconsistent with this opinion.

Note.—Reported in 105 N. E. 393. As to remedies of taxpayers for illegal corporate acts of municipality, see 2 Am. St. 92. As to the right of a taxpayer in absence of statute to enjoin unlawful expenditures by municipality for lighting and heating, see 36 L. R. A. (N. S.) 20. See, also, under (1) 28 Cyc. 1536; (2) 28 Cyc. 1601; (3) 28 Cyc. 316; (4) 28 Cyc. 1588; (5) 28 Cyc. 1747; (6) 28 Cyc. 1577.