———o———

| 52 | 81 |
|-----|-----|
| 37a | 257 |

| 52 | 81 |
|-----|-----|
| 103 | 488 |

| 52 | 81 |
|-----|-----|
| 112 | 616 |
| 50a | 471 |

J. S. NEWMEYER AND JOHN B. CLARK, Appellants, *vs.* THE Mo. & MISS. R. R. COMPANY, *et al.*, Respondents.

| 52 | 81 |
|-----|-----|
| 131 | 77 |

| 52 | 81 |
|-----|-----|
| 143 | 500 |

| 52 | 81 |
|-----|-----|
| 155 | 485 |

1. *Practice, civil—Equity, bills in—Parties—Courts, County, acts of Tax-payers rights of—Attorney General.*—Tax-payers can file bills in equity to annul illegal acts of County Courts, when such acts will increase the taxation, and the State is not a necessary party to such suits.

*Appeal from Macon Circuit Court.*

*James Carr,* for Appellants.

6—MO. LII.

I. In case of misfeasance or malfeasance of the County Court, a tax-payer or tax-payers may bring a suit on behalf of himself or themselves, and all others similarly interested. (Hooper vs. Ely, 46 Mo., 505; Steines vs. Franklin County, et al., 48, Mo., 176; Wood vs. Draper, et al., 24 Barb. 187; DeBaun vs. The Mayor, &c., of New York, 16 Barb. 392; Stuyvesant vs. Pearsall, et al., 15 Barb. 244; Milhau vs. Sharp, Barb. pp. 218, 219; Christopher vs. Mayor, &c., of New'York, 13 Barb. 567; Shephard vs. Wood, et al., 13 Howard, Pr. 47; 2nd, Redfield Railways 362; Burt vs. British Life Insurance Association, 5 Jur. N. S. 612; Mandaville vs. Riggs, 2 Pet, 482; Smith et al. vs. Swormstedt et al., 16 Howard, 288; Bacon vs. Robertson, et al., 18 How. 480; Dodge vs. Woolsey, 18 How. 331; Whitney vs. Mayo, 15 Ill., 251; Sweet vs. Hulbert, 51 Barb. 312.)

II. There are cases in equity, where it is not necessary to have all the parties in interest before the Court; as where the parties are very numerous, beyond the jurisdiction of the Court, or unknown. (Story's Equity Pleading, §§ 101, 102, 103, 116, 117, 157, 207, b., 216, note 2 to section 100; Egbert vs. Wood, 3 Paige, 517; Brown vs. Ricketts, 3 Johns. Chan. 553; Wiser vs. Blackly, 1 Johns. Chan., 437; Wakeman vs. Grover, 4 Paige, 22; Smith, et al. vs. Swormstedt, et al., 16 Howard, 288; Dodge vs. Woolsey, 18 How., 331; Bacon vs. Robertson, et al., 18 How., 480; Arkenburgh vs. Wood, 23 Barb. 360; Shephard vs. Wood, 13 Howard Pr., 47; McKenzie vs. L'Amoureaux, 11 Barb. 516; Zabriskie vs. Cleveland, Columbus & Cincinnati Railroad Co., 23 Howard, 395.)

R. T. Prewitt, for Respondents.

The plaintiffs do not show any such special interest in the subject matter of this petition as to authorize them to bring this suit. (Davis & Palmer vs. The City of N. Y., 2 Duer., 663; Same case, 1 Duer., 479; Doolittle vs. Supervisors of Brown Co., 18 N. Y., 155; Miller vs. Grandy, 13 Mich., 540; People vs. Regents, &c., 4 Mich., 98; 4 Mich., 187; State vs. Saline Co., 51 Mo., 350; Roosevelt vs. Draper, 23 N. Y., 318.)

The plaintiffs show no equity in themselves, or any special

injury to them, authorizing them to invoke the equity powers of this court. (State to use Connelly vs. P. G. R. R. R. Co., 32 Mo., 496; Sayre vs. Thompkins, 23 Mo., 443; Barrow vs. Davis. 46 Mo., 394; Lockwood vs. St. Louis, 24 Mo., 20; 1st Nat. Bk. of Hannibal vs. Meridith, 44 Mo., 500; Vitt vs. Owens, 42 Mo., 512.)

*Williams, Jones & Eberman,* for Respondents, cited: Saline County case, 51 Mo., 350.

*Chandler & Sherman,* for Respondents.

When a right common to all citizens of a municipal corporation is infringed upon or violated, or a wrong is committed against all said citizens, in common, the injury must be remedied by proper legal proceedings, instituted by the agent of the public or State. (Roosevelt vs. Draper, 23 N. Y., 318; Doolittle vs. Supervisors of Broome County, 18 N. Y., 155; 4 Kernan, 534; 4 Duer., 192; 14 N. Y; 2 Johnsons Ch., 428-9, and 433-4; 14 Eng. Ch. Rep., 123 and 613.)

EWING, Judge, delivered the opinion of the court.

This was a petition in the nature of a bill of equity filed by the plaintiffs on behalf of themselves and all other citizens and tax-payers who are similarly interested with themselves to set aside an order of the County Court of Macon county making a subscription of $175,000, to the capital stock of the Missouri and Mississippi Railroad Co., and to have the same declared null and void, and to have the bonds issued to pay said subscription delivered up and cancelled. The bill alleges that plaintiffs were and are owners of a large amount of real estate and personal property situated in said county, and are tax-payers on the same; that in 1867 the County Court of Macon county subscribed $175,000, to the capital stock of said railroad company without the assent of two-thirds of the qualified voters of said county, no election regular or special having been held for the purpose of obtaining said assent; that bonds of said county have issued to the amount of said stock, &c.; that in order to raise more money for said road, the further sum of $175,000, was subscribed to the capital stock in 1870.

That said last subscription was the result of a corrupt and fraudulent combination and arrangement between the railroad company and the County Court, whereby the judges of said court were to derive large pecuniary gains and advantages; that bonds were issued by said court in payment of said subscription and placed in the hands of defendants, Bartholow, Lewis & Co., bankers, for the purpose of having them negotiated to innocent purchasers for value without notice of the fraud by which said railroad company had procured them. The bill further alleges the act authorizing said subscription is unconstitutional and void; that said subscription was made without authority of law, by collusion and in confederation with said railroad company and in fraud of the rights of the plaintiffs and other citizens and tax-payers of said county, for private advantages and gain and to subserve the individual purposes and ends of said justices of the County Court and other parties connected with them.

Defendants demurred to the petition on these grounds:

That the petition does not state facts sufficient to constitute a cause of action. There is a defect of parties plaintiff. There is a defect of parties defendant. Because plaintiffs do not show any such irreparable injury to themselves as to authorize the interposition of a Court of Equity. The court sustained the demurrer, the plaintiffs declining to file an amended petition, final judgment was rendered on said demurrer. The cause is here by appeal.

It seems not to be seriously questioned that upon the facts stated in the petition, which are of course admitted by the demurrer, the plaintiffs are entitled to the relief prayed for if they can maintain the action; and the only remaining question that we deem it proper to consider is, whether the plaintiffs as *tax-payers* of Macon county have stated a title for the relief which they claim against the defendants; in other words, whether as such tax-payers, they have such an interest in the subject matter of the suit as entitles them to maintain this action. I am not aware that this question has ever been passed upon by this court. In the case of Hooper vs. Ely, 46 Mo., 505, the

plaintiff as a *tax-payer* obtained an injunction against the treasurer to restrain him from paying a certain county warrant upon the ground that it was issued without authority of law, and also asked for an order upon the defendant, the holder, to bring it into court to be canceled.   The only interest the plaintiff had in the subject matter of the suit was that of a *tax-payer* of the county, and his right to maintain it was unquestioned.

The only other case similar to the one at bar was that of Steines, *et al.*, vs. Franklin county, *et al.*, 48 Mo., 167, which was a petition in the nature of a bill in equity brought by the plaintiffs as citizens and tax-payers of Franklin county, asking for a decree declaring a contract and certain orders of the County Court of said county void, and requiring a cancelation and delivery of bonds issued under said contract and for an injunction restraining their payment, sale or transfer, and restraining the assessment, levy or collection of a tax for the purpose of their payment.   No point was made as to the right of the plaintiffs as tax-payers to maintain the action.

The grounds upon which such suits by tax-payers have been held unmaintainable, are that it requires some individual interest distinct from that which belongs to every inhabitant of the town or county to give the party complaining a standing in court, where it is an alleged delinquency in the administration of public affairs which is called in question ; and that the ownership of taxable property is not such a peculiarity as to take the case out of the rule; and that the only remedies against an abuse of administration power tending to taxation is furnished by the elective franchise or a proceeding on behalf of the State, or, in the case of an act without jurisdiction, in treating the attempt to enforce the illegal tax, as an act of trespass. (Denio, J. in Roosevelt vs. Draper, *et al.*, 23 N. Y., 318 ; see also Doolittle, *et al.*, vs. Supervisors, &c., 18 N. Y., 155.) The case of Roosevelt vs. Draper, *supra*, decided in 1861, is the latest decision on the subject in the Court of Appeals, to which our attention has been called.   We have been referred, however, to a number of earlier decisions in the courts of that

State which hold a contrary doctrine—recognizing the right to maintain such suits ; and they have been followed in several of the other states.

The first of these that will be noticed is the case of Christopher, *et al.*, vs. The Mayor, *et al.*, 13 Barbour, 567, which was a proceeding by injunction to restrain defendants from acting under a resolution of the board of aldermen relative to the rebuilding of a market. Held, that plaintiffs as tax-payers had such an interest as entitled them to the relief they asked ; that as the necessary effect of the act complained of would be to .impose a burden upon their real estate, they had an interest as certain and direct as that of a stock-holder in a moneyed or other corporation. So in the case of Milhau vs. Sharp, 15 Barb. 195, which was an application for an injunction to restrain defendants from constructing a railway in a certain street of the city of New York, the court say, plaintiffs being tax-payers to a large amount, have such an interest in preventing the grant in question from being carried into effect, that they had a right to institute the suit in their own names. To the same effect is Stuyvesant vs. Pearsall, *et al.*, 15 Barb., 244, in which it is held that the court on the complaint of a tax-payer may restrain parties from constructing railroads in the city—the granting of the right to construct which involved a breach of trust on the part of the corporation. In De Baun, *et al.*, vs. The Mayor, *et al.*, 16 Barb., 392, it was held. that a person owning real estate in the city of New York and paying taxes on it, might prosecute an action against the corporation on behalf of himself and other tax-paying citizens to enjoin them from expending the money to be raised by taxation in repairing or paving a street in a manner contrary to an express law and tending to add to the taxes of the inhabitants. The same question came before the court again in the case of Wood vs. Draper, *et al.*, 24 Barb., 187—decided in 1857—and after a thorough review of the previous decisions in that court on the subject, the court say : "It must be regarded as the settled law of this court that it will grant its aid to restrain by injunction the imposition of any tax or burden on the tax-payers of this

city contrary to law on a complaint filed by any tax-payer on his own behalf as well as on behalf of others similarly interested." The correctness of these decisions has been questioned in some later decisions in that State which have been referred to. In Sharpless vs. The Mayor of Phila., *et al.*, 21 Penn. St., 147, the plaintiffs as property owners, and tax-payers of the city filed their bill to enjoin the Mayor from carrying into effect certain ordinances of the city which authorized subscriptions by the city to certain railroads. The right of the complainants to maintain the suit was unquestioned. In Mercer county vs. Pittsburgh & Erie Railroad Co., 27 Penn. St., 404, it is said, that as every taxable inhabitant is interested in all measures which increase the taxes he may apply for an injunction against abuses of that character. In a more recent case in that State, decided in 1868, Page, *et al.*, vs. Allen, 58 Penn. St., 338, a bill in equity was filed by plaintiffs, residents and tax-payers of Philadelphia, against the aldermen of the city to restrain them from exercising certain powers which it was alleged they claimed by virtue of a certain act of assembly known as the registry act, and charging that a large sum of money would be required from the city treasury to put the act into operation, which as tax-payers they were interested to prevent, and which would be wholly misapplied. The act being unconstitutional, the court say, the right of the plaintiffs to interfere on these grounds was not disputed, neither could it have been at any time since the decision in Sharpless vs. The Mayor, 21 Pa. St., 147, and Moers vs. City of Reading, *Id.*, 18 . In both it was conceded that the interest of a tax-payer where money was to be raised by taxation or expended from the treasury, was sufficient to entitle him to proceed in equity to test the validity of the law which proposed the assessment or expenditure. To the same effect is Mott vs. The Penn. Railroad Co., 30 Pa. St., 9.

The next case to which we refer, was decided by the Court of Appeals of Maryland, in 1869. (The Mayor and Council of Baltimore vs. Gill, *et al.*, 31 Md., 375–394–5.) This was a proceeding to restrain by injunction, appellants, The Mayor, *et al.*, from carrying out the provisions of an ordinance author-

izing the borrowing of money to build certain railroads, which was claimed to be unconstitutional. The complainants were tax-payers on real and personal property situated in Baltimore, and they sued in behalf of themselves and others similarly interested. It was maintained that the complainants had no standing in court, and were not entitled to ask the interposition of a court of equity to restrain by injunction the execution of the ordinance, even though it may have been passed in violation of the constitution. It was further maintained that the wrong complained of, was of a public nature affecting the whole public in which the Attorney General, as the representative of the State, was a necessary party. It was held that the interest of the plaintiffs as tax-payers, was sufficient to entitle them to maintain the action, and that the Attorney General was not a necessary party. Bartol, C. J., in delivering the opinion of the court, says: the case is to be distinguished from cases of public wrongs, in which the general public are alike concerned; that the complainants are tax-payers of the city, and others similarly situated constitute a class specially damaged by the alleged unlawful act, in the increase of the burden of taxation upon their property situated in the city. They have therefore a special interest in the subject matter of the suit, distinct from that of the general public. The court cites the cases of City of New London vs. Brainard, 22 Conn., 552; Webster vs. Town of Harwinton, 32 Conn., 131; and Merrill vs. Plainfield, 45 N. H., 126, as distinctly affirming the right of tax-payers to file a petition of this kind, but we have not access to the reports at present. To the same effect are the decisions in Iowa, see McMillan, et al., vs. Lee County, 3 Iowa, 311; Collins vs. Ripley, County Judge, 8 Iowa, 129.

The question was before the Supreme Court of Illinois, in the case of the Board of Supervisors, &c. vs. Keady, et al., 34 Ill., 293, but its consideration was waived by the plaintiffs in error, and the court expressed no opinion upon it, remarking that the question was undetermined in that State.

I have examined the cases cited in support of the other side

State *ex rel. etc.*, v. Everett, et al.

of the question, or such of them as we have had access to; and upon a careful consideration of the subject, I am of opinion that the decisions which affirm the right of plaintiffs, (or those standing in the same relation to such controversies) to maintain the action, rests upon a more solid foundation of principle and reason than those holding the contrary doctrine. And they are commended to our approval as furnishing the only adequate remedy to the injured party for wrongs resulting from unauthorized or illegal acts like those complained of. The injury charged as the result of the acts complained of is a private injury in which the tax-payers of the county of Macon are the individual sufferers, rather than the public. The people out of the county bear no part of the burden; nor do the people within the county, except the tax-payers, bear any part of it. It is therefore an injury peculiar to one class of persons, namely the tax-payers of the county of Macon.

I am of opinion that the action is well brought in the name of the plaintiffs as tax-payers, on behalf of themselves and all others who are similarly interested, and that the State is not a necessary party to the suit.

The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.

———o———

