DENNISON *et al.*, *Appellants*, v. CITY OF KANSAS *et al.*

1. **Municipal Corporation**: LEGISLATIVE POWER. The legislature can confer on a city council the power to improve the streets of the city at the cost of the property-owner without requiring a petition therefor.

2. **Injunction**: ILLEGAL CITY ORDINANCE. But where the legislature has made the exercise of such power to depend upon a petition and notice, and has given to property-holders, liable to be taxed for the improvement, the right to present their objections and to be heard thereon, the execution of an ordinance without such hearing when demanded, will be restrained by injunction till such hearing is had.

3. ———: ———: PARTIES. The suit may be instituted by any taxpayer for himself and all others similarly situated.

4. **City Ordinance**: SPECIAL TAX BILL, VALIDITY OF. Where the objections to the passage of the ordinance are made and heard, and the council overrules the same and passes an ordinance ordering the work to be done, and finds and declares in the ordinance that the work was petitioned for, and the petition was published according to law, such finding and declaration are conclusive for all purposes and no special tax bill will be held invalid or affected by any defect in, or objection to, the petition.

5. ———: ———: ———. Such ordinance, when so passed, is not subject to attack except, perhaps, on the ground that its passage was obtained by fraud or corruption.

6. **Supreme Court Practice**: AFFIDAVITS OUTSIDE OF RECORD. Upon an appeal from a decree dismissing a bill for an injunction to restrain the execution of a city ordinance for paving a street, the Supreme Court will not consider affidavits not contained in the record, to the effect that since the appeal was taken, the work sought to be restrained has been completed.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*G. F. Ballingal* and *Botsford & Williams* for appellants.

(1) Under the allegations of the original and amended and supplemental petitions, a court of equity has jurisdiction to prevent the enforcement of the illegal ordinance of the City of Kansas for the paving of Grand avenue in said city, and injunction is the appropriate remedy. *State v. Saline County Court*, 51 Mo. 350; *Newmeyer v. Railroad*, 52 Mo. 81; *Mathis v. Town*, 62 Mo. 504; *Ranney v. Bader*, 67 Mo. 476; *Baltimore v. Radecke*, 49 Md. 247; *Miller v. Mobile*, 47 Ala. 163; *Town v. Nelson*, 35 Ind. 532; *Dunwiddie v. Russellville*, 37 Ind. 66. (2) The petition charges a palpable and flagrant abuse by the city authorities of Kansas City of the power conferred by the city charter of paving the streets and avenues of said city at the expense and charge of the property fronting thereon; and an arbitrary and illegal assumption of power by the common council in forcing the passage of the ordinance complained of in disregard of the rights and remonstrances of appellants and others as the owners of such property; and a court of equity has the undoubted power to restrain, prevent, and correct such abuse from operating to their injury by declaring such ordinance null and void. 2 Dill. on Mun. Corp. [4 Ed.] secs. 908, 911, 914,

and cas. cit. (3) And the suit is properly brought in the names of appellants, on behalf of themselves and all other owners of property situate on said street, similarily situated and injuriously affected by the proceedings under said ordinance, sought to be restrained by the injunction prayed for in appellants' said petition. *Newmeyer v. Railroad*, 52 Mo. 81, and cases cited; *Overall v. Ruenzi*, 67 Mo. 203; *Ranney v. Bader*, 67 Mo. 476; *Ewing v. Board*, 72 Mo. 436; 2 Dillon Mun. Corp. [4 Ed.] sec. 914, and cases cited. (4) The power of the circuit court of Jackson county to subject to its authority municipal corporations within its jurisdiction, and to declare ordinances passed in violation of their charter void, is inherent, and cannot be taken away without express negative provisions. Const. of Mo. 1875, art. 6, sec. 23; R. S., 1879, sec. 72; *State ex rel. v. Fitzpatrick*, 44 Mo. 425; *Corrigan v. Gage*, 68 Mo. 541; *Cape Girardeau v. Riley*, 72 Mo. 220; *Ex parte Heath*, 3 Hill [N. Y.] 51; *Rex v. Moreley*, 2 Burr, 1040; *King v. Commissioners*, 2 Keeble, 43; *Rogatz v. Dubuque*, 4 Iowa, 343. (5) The power of the city council of Kansas City to create a lien on the property of its citizens for street paving, is founded solely on the provisions of the city charter, and rests exclusively in an adherence to the methods prescribed thereby. *City v. Franks*, 78 Mo. 42; *City v. Swope*, 79 Mo. 446; Dillon on Mun. Corp. [4 Ed.] sec. 769, and cases cited. (6) The requirements of the city charter that no street or avenue, or any part thereof, shall be paved at the expense of the property-holders owning the property fronting on such street or avenue, unless a majority of the real-estate owners of front feet on such street or avenue or part thereof proposed to be paved, and are residents of the City of Kansas, shall petition the common council therefor, is jurisdictional, and an ordinance providing for such paving, without such petition, will be declared void in a direct proceeding for that purpose. Sess. Acts 1875, sec.

1, p. 250 ; *City v. Franks*, 78 Mo. 41 ; *City v. Gleason*, 89 Mo. 67 ; 2 Dillon Mun. Corp. [4 Ed.] sec. 800, and cases cited ; *Mulligan v. Smith*, 59 Cal. 206 ; *Starr v. Burlington*, 45 Ia. 87. (7) The conclusiveness of the finding and declaration in the ordinance for the paving of Grand avenue that the work had been petitioned for and the petition published according to law, depends upon the compliance of the common council with the mandate of the city charter that they shall hear and decide on all objections to such petition. Sess. Acts 1875, sec. 14, p. 203 ; sec. 8, p. 254 ; *Clark v. Mitchell*, 64 Mo. 564, and cases cited ; *Windsor v. Mc Veigh*, 93 U. S. 274, and cases cited ; *Rogatz v. Dubuque*, 4 Iowa, 343 ; *Granger v. Buffalo*, 6 Abbott's N. C. [N. Y.] 238 ; *People v. Rochester*, 21 Barb. 656 ; *Mulligan v. Smith*, 59 Cal. 206 ; *City v. Pinckney*, 3 Brev. [S C.] 217. (8) If section 8, of article 8, of the charter of the City of Kansas making the finding and declaration of the common council in the paving ordinance, that the work had been petitioned for and the petition published according to law, conclusive for all purposes, precludes the courts of this state in a direct proceeding for that purpose from inquiring into and redressing the illegal and arbitrary action of the council in making such finding and declaration contrary to the fact, without evidence, in refusing to hear any objections to the petition, and in violation of the requirements of the charter, thereby creating indisputable and conclusive liens on the property of the citizens, by which they may be deprived of the same and leaves them without any redress in its courts of justice, as contended for by respondents, and as decided by the court below, then such section in this regard is in violation of section 30, of article 2, of the constitution of Missouri, and is, and ought to be declared, null and void. *Abbott v. Lindenbower*, 42 Mo. 162 ; *Clark v. Mitchell*, 64 Mo. 564 ; Cooley Const. Lim. [5 Ed.] 453, 454, and cases cited ; Sedgwick on Stat. & Const. Law [Pomeroy's

notes], 138–142. (9) The requirements of the city charter are that the common council shall hear and determine objections to the petition, and shall find and declare whether the same had been signed by a majority of the resident owners of real estate fronting on the street sought to be paved, and this power could not be delegated to the city engineer or to a committee of the council and such engineer. *Thompson v. Boonville*, 61 Mo. 283; *Mathews v. Alexandria*, 68 Mo. 119; *Macon v. Patty*, 57 Miss. 378; 2 Dillon Mun. Corp. [4 Ed.] sec. 779, and cases cited; *Hager v. City*, 42 Iowa, 661. (10) The action of the common council, at the special session thereof, in permitting a new paving petition and ordinance, for the paving of Grand avenue, to be presented before it, and in the passage of such ordinance without having been called together by the mayor for any such purpose, was illegal and the ordinance so passed was and is null and void. Sess. Acts 1875, sec. 8, p. 211.

*Lathrop & Smith* and *Wash Adams* for J. B. Smith *et al.*, respondents.

(1) So far as the bill invokes the process of injunction, it must fail for the reason that all the acts sought to be restrained have been performed. (2) It was settled at a very early day in this state that an appeal will not lie from an order refusing a temporary injunction. *Tanner v. Irwin*, 1 Mo. 49; *Johnson v. Board*, 65 Mo. 47. (3) It appears on the face of the bill that there is a defect of parties, and a misjoinder of causes of action. Neither plaintiff is interested in all the lots nor in the lien to affect any of the lots except his own. *Barrie v. Beloit*, 19 Wis. 93; *Miller v. Grandy*, 13 Mich. 540; Bliss on Code Pleading, sec. 126; *Doan v. Holly*, 25 Mo. 357; *Statcup v. Garner*, 26 Mo. 72. (4) The requirements of the charter of the City of Kansas, that the petition for paving may be published for five days in

Dennison v. City of Kansas.

the newspaper doing the city printing; and that a petition signed by a majority of real-estate owners of front feet be required, and objections thereto be heard and determined, are merely directory. *Farrar v. St. Louis,* 80 Mo. 379; *Palmyra v. Martin,* 25 Mo. 593; *City v. Fowler,* 34 Ind. 140; *Raley v. Gwinn,* 76 Mo. 263; *Adams v. Lindell,* 72 Mo. 198; *People v. City,* 21 Barb. 656. (5) The power to hear and decide, which constitutes jurisdiction, being vested in the common council, its decision respecting such subject-matter could not be void; at most it could be merely irregular and erroneous. *Gray v. Bowles,* 74 Mo. 419. The complainants can have their day in court when sued on the tax bills. *St. Louis v. Richeson,* 76 Mo. 470; *Corrigan v. Gage,* 68 Mo. 541; *Cape Girardeau v. Riley,* 72 Mo. 220. (6) The alleged fact that the "Kansas City Reporter" was not a "newspaper for the collection and dissemination of general news," is not material, because in such cases a general newspaper is not required, and because the decision of the council as to publication was conclusive, as shown *supra. Kellogg v. Carrico,* 47 Mo. 157; *Kerr v. Hitt,* 75 Ill. 51. (7) Even if it be conceded that these requirements of the city charter are mandatory, and that a failure to observe the same renders the proceeding void, it does not follow that plaintiffs are entitled to the relief prayed, because (*a*) there is ample remedy at law. 1 High on Inj., secs. 28, 29, 30, 543, 544, 545, 546. When the proceeding is void for want of jurisdiction, injunction is not the proper remedy. *Railroad v. Reynolds,* 89 Mo. 146; *Bank v. Meredith,* 44 Mo. 503; *Steines v. Franklin Co.,* 48 Mo. 176; *Barrow v. Davis,* 46 Mo. 394; *McPike v. Pew,* 48 Mo. 525; *Sayre v. Tompkins,* 23 Mo. 443; *State v. Parker,* 32 Mo. 496; *Deane v. Todd,* 22 Mo. 90. (*b*) If the council, acting in a judicial capacity, arbitrarily denied complainants a hearing in a proceeding where they were entitled to be heard, the obvious remedy was mandamus. (*c*) Or, if they departed from the charter

requirements, the appropriate mode of reviewing their action was *certiorari*.   1 High on Inj., sec. 543 ; *State ex rel. v. Dowling*, 50 Mo. 136 ; *State ex rel. v. Powers*, 68 Mo. 323 ; Dillon Mun. Corp., secs. 806, 926.   (8) Where *certiorari* lies, injunction is denied.  1 High on Inj., secs. 173, 230 ; *Gaetner v. Fon Du Lac*, 34 Wis. 497 ; *People v. Van Alstyne*, 32 Barb. 136 ; *City v. Railroad*, 25 Ill. 43 ; *Yortside v. East St. Louis*, 43 Ill. 47 ; *State ex rel. v. Kansas City*, 89 Mo. 34.

NORTON, C. J.—This is a bill in equity instituted by plaintiffs who are the owners of certain lots abutting on Grand avenue, a street in the City of Kansas.   The suit is brought in the name of plaintiffs for themselves and all property-owners on said street similarly situated, and the object of it is to restrain and enjoin defendants from executing a certain ordinance passed by the city council providing for paving said Grand avenue between Twelfth and Twentieth streets with cedar blocks set on a hydraulic cement concrete foundation, nine inches thick.   The petition was demurred to; the demurrer sustained, bill dismissed, and judgment entered in favor of defendants, from which plaintiffs have appealed.

So much of the petition as raises the points discussed by counsel is as follows :   That on the second of July, 1884, there was presented to the common council of Kansas City, at a special meeting thereof, and filed in the office of the city clerk, a petition signed by resident and non-resident owners of real estate, to have Grand avenue, a street in said city, paved to the full width thereof exclusive of sidewalks from the south line of Twelfth street to the north line of Twentieth street, said paving to consist of cedar blocks set on a foundation of concrete hydraulic cement, nine inches in thickness ; that said petition had been published in the "Kansas City Times," a newspaper of general circulation in said city, for ten days previous to its presentation to the said council ; and that a certificate of the city engineer was

appended thereto; that the names signed to said petition represented a majority of the front feet of real estate owned by residents of said city fronting on Grand avenue from Twelfth to Twentieth streets.

" That at the same time of the presentation of said petition remonstrances were presented to said common council against such a project. And your petitioners charge that said petition did not have signed thereto a majority of the names of property-holders owning a majority of the front feet of property owned by residents of said city, and fronting on the said part of Grand avenue, proposed to be paved as aforesaid; and that, prior to, and at the time, of, the presentation of said petition, a large number of the resident property-holders owning property fronting on said part of Grand avenue, signing said petition, had withdrawn their names therefrom, and remonstrated in writing against said paving, which said written remonstrances and withdrawals were presented to said city council at the time of the presentation of said petition aforesaid; and that names of the resident property-owners, owning real estate fronting on said avenue, remaining on said petition, represented only a minority of the front feet of property owned by residents of said city and fronting on said part of Grand avenue proposed to be paved as aforesaid, and that the certificate of said city engineer that said petition represented a majority of such resident property-holders was and is wholly false.

" Twelfth. That thereupon and notwithstanding that said petition did not represent a majority of the property-holders, owning a majority of the front feet of property owned by residents of said city and fronting on said avenue proposed to be so paved as aforesaid, at said called session of said common council, an ordinance, number 27,461, to pave said Grand avenue from Twelfth to Twentieth streets, in accordance with said petition,

was introduced into said common council by said defendant Hovelman, one of the members thereof, which said ordinance was taken up, read the first time and referred to the street and alley committee of said council and to said city engineer, with all said papers, for report at the next meeting of said common council; and that, afterwards, and on the eighteenth day of July, 1884, at a special meeting of said common council, said street and alley committee reported back said ordinance with the recommendation that the same do not pass, which said report was taken up, received by said council and filed, and the said ordinance and the papers, petition, and remonstrances were then and there referred to the aldermen of the second ward and the city engineer.

"And plaintiffs charge that said reference to said aldermen and city engineer was wholly without authority on the part of said common council; that said common council is, by the charter of said city, required to hear and determine all objections to said petition and to the paving of said street therewith, and that it has no authority to delegate the power to hear and determine such objections to a portion of said common council or any committee thereof, or to said city engineer; notwithstanding which, said aldermen of said second ward of said city received said petition, remonstrances, and objections, and said ordinance number 27,461, and at the time of the passage of the pretended ordinance hereafter mentioned, the same were in the hands of said aldermen and said city engineer; and plaintiffs charge that said aldermen of said second ward refused to hear objections to said petition, or to examine the same, and that while said petition and ordinance and objections and remonstrances were in the hands of said aldermen and said city engineer, and pending before said council as aforesaid, the mayor of said city duly called a special session of said common council for and on the fifteenth

day of September, 1884, among other things, to act
upon said petition and said ordinance to pave Grand
avenue from Twelfth to Twentieth streets, and the
remonstrances and objections of said property-owners
concerning the same ; and that, at said special meeting
of said council, said council did not act upon said peti-
tion, remonstrances, and ordinance number 27,461, pend-
ing before it at the time of said call of said mayor
aforesaid, but wrongfully, arbitrarily, and without any
authority, and without having been called together by
the mayor for any such purpose or cause, did suffer and
allow said defendant Hovelman, as one of the members
thereof, to present and introduce to and before said
council another and different petition, together with a
document numbered 28,248, purporting to be an ordi-
nance to pave Grand avenue from Twelfth to Twentieth
street, and bearing substantially the same title as said
first-mentioned ordinance, number 27,461, which had
been introduced July 2, 1884, as before stated herein,
and did thereupon, under a pretended suspension of the
rules of said council governing it in the passage of ordi-
nances of said city, wrongfully, arbitrarily, and without
any lawful authority therefor, pass said pretended ordi-
nance to the third and final reading thereof, and passed
the same, which said pretended ordinance was afterward
presented to the mayor of said city for his approval,
and not having been returned by said mayor within five
days (Sunday excepted) thereafter, it is pretended by the
defendants herein that the same became a valid and
binding law and ordinance of said city.

"And plaintiffs charge that said last-mentioned
petition had not been signed by property-holders own-
ing a majority of the front feet of property owned by
residents of said city, and fronting on said Grand avenue,
between said Twelfth and Twentieth streets ; that the
same was not published for five days in a newspaper
printed in said city, but was wilfully, and purposely,

and unlawfully inserted in and published for five days in a paper printed in said city, called the ' Kansas City Daily Reporter,' but which plaintiffs aver is not a newspaper, within the meaning of the charter of said city, and is, and does not purport to gather and publish either local or general news, but is principally confined to the publication of arrivals at the various hotels of said city, and other news of like character, and does not purport to be a newspaper for the collection and dissemination of general news.

" That said common council, in said pretended ordinance, numbered 28,248, aforesaid, pretended to find and declare that the work had been petitioned for, and the petition published according to law, and that said petition so published was by the order of a majority of the front feet of the property owned by residents of the City of Kansas, on said portion of Grand avenue to be paved.

" And said plaintiffs aver and charge that said common council, in the consideration and passage of said pretended ordinance, aforesaid, did not have before it any evidence upon which to base said finding and declaration aforesaid, but made said finding and declaration arbitrarily and without authority, and contrary to the facts, for the purpose of charging the cost of such paving upon plaintiffs herein, and others owning property fronting on said part of Grand avenue; and that said common council arbitrarily and wrongfully, and in direct defiance of the regulations of said city charter, refused to hear and decide upon any objections thereto, notwithstanding the fact that their attention had been specifically called to such objections then on file and before said council, by said mayor and the city clerk of said city. And plaintiffs further charge that the written remonstrance and objections against said last-named petition had been duly presented to said common council, and were before it at and before the time said

council passed said ordinance, and said council refused to hear the same."

The charter provisions having a bearing on the questions involved are as follows:  Section 1, article 8 (Acts 1875, p. 250), provides that:  "No street, avenue, alley, or public highway, or any part thereof, shall be graded, constructed, reconstructed, paved, or macadamized, at the expense of the property-holders owning the property fronting on such street, alley, or public highway, unless a majority of the real-estate owners in front feet on such street, avenue, alley, or public highway, or the part thereof proposed to be graded, constructed, reconstructed, paved, or macadamized, and are residents of the City of Kansas, shall petition the common council to have such street, avenue, alley, or public highway graded, constructed, reconstructed, paved, or macadamized."

Section 8, *Ib.*, provides that:  "When it is proposed to grade, construct, reconstruct, pave, * * * any street, sidewalk, * * * and pay therefor in special tax bills, and under existing laws, a petition therefor is required ; a petition shall be sufficient if signed by property-holders owning a majority of the front feet of property owned by residents of the city and fronting on the street, sidewalk, alley, avenue, or public highway, or part thereof proposed to be improved.   When a petition has been signed the same may be published for five days in some newspaper printed in the city, and thereafter the common council shall hear and decide on all objections thereto, if any.   If the common council shall, in the ordinance, cause to be done the work petitioned for, find and declare that the work has been petitioned for, and the petition published according to law, such finding and declaration shall be conclusive for all purposes, and no special tax bills shall be invalid or be affected by any defect in or objection to the petition."

It is clear that the charter provisions above quoted

invest the common council with power to pass an ordinance for paving or improving any avenue or street of the city at the cost of the owner of the property abutting thereon. It is also clear that the exercise of this power is made to depend at least upon two things, viz., a petition signed by the resident owners of property abutting on the street or avenue proposed to be improved, representing in ownership a majority of front feet of such property, asking that the improvement be made, and, second, the publication of such petition in some newspaper in the city for five days before any definite action is taken thereon. It is also clear that, when such a petition is presented and published as required by the charter, parties interested, and whose property is liable to be charged with the payment of a special tax bill for its proportionate part of the cost of the improvement, have the right to appear before the council with their objections, and to show, if such is the fact, that the persons signing the petition do not represent resident property-owners, owning a majority of the front feet of property abutting on the street or avenue proposed to be improved.

The demurrer admits that the right of parties interested to a hearing before the council was denied. It admits that, after the presentation of the petition and its publication, that parties interested appeared before the council and presented their objections, and that a hearing thereon was denied them, one of the objections being that the signers to the petition did not represent resident property-owners owning a majority of front feet on the avenue proposed to be paved, but only represented the resident owners owning a minority of such front feet. The right of a person upon whose property a charge is about being imposed to be heard by the body who are empowered to improve it on certain conditions, as to whether said conditions exist or have been complied with, before it becomes fixed and fastened as a charge,

is founded on the plainest principles of justice, and this right the legislature recognized in passing the section of the charter wherein it is provided that five days publication of the petition shall be made in a newspaper, and thereafter the common council shall hear and decide on all objections thereto if any; that it is not to decide without a hearing, if a hearing is demanded.

The demurrer admits that this right was ignored, and the principle on which it is based wholly disregarded by the common council. Why require a publication of the petition and notice to bring parties before the council, if, when, in obedience to the notice, a hearing is denied them in direct violation of the commands of the law which gives it the power to act. In *City of Kansas to use v. Swope*, 79 Mo. 448, it is said that the ability of the city to create a lien on the property of one of the citizens for street paving in the manner pointed out in the ordinance referred to is founded not on any preëxisting right, but rests exclusively in an adherence to the methods prescribed by ordinance in pursuance of the authority contained in the charter. To say to a party, you may come for the purpose of being heard, and then to say to him when he comes, you shall not be heard, is but trifling with his right. *Windsor v. McVeigh*, 93 U. S. 274. The objection made to the petition was not captious but vital, and the council, in denying to the objectors the right to be heard, violated the charter provision above referred to, and committed a wrong for the rectification of which this proceeding was instituted.

In the cases of *Ranney v. Bader*, 67 Mo. 476, and *Newmeyer v. Railroad*, 52 Mo. 81, it is held that; to prevent the collection of an illegal tax, suit may be brought by any taxpayer for himself and all others similarly situated. These authorities justify the present proceeding and authorize the injunctive powers of the court to be invoked at least to the extent of temporarily

restraining the execution of the ordinance till the council rectified the wrong by giving the plaintiffs a hearing on the objections interposed. See also High on Inj., sec. 1308 ; *Overall v. Ruenzi*, 67 Mo. 206 ; *Book v. Earl*, 87 Mo. 246 ; *Newmeyer v. Railroad*, 52 Mo. 81 ; *Valle v. Zeigler*, 34 Mo. 218.

There is no question but that the legislature would have conferred upon the city council the power to improve the streets of the city at the cost of property-owners without requiring any petition. *Farrar v. City of St. Louis*, 80 Mo. 379. But it has not seen fit to do so in the charter of the City of Kansas, but has made the exercise of such power to depend upon a petition and notice, and has given to property-owners whose property is liable to be taxed for the improvement the right to be heard upon objections ; and we hold that if this right is denied, the execution of an ordinance passed without such hearing, when demanded, may be restrained till such hearing is had ; and we further hold that when objections are made and heard, and the council then pass an ordinance ordering the work to be done, and find and declare in the ordinance that the work has been petitioned for, and the petition published according to law, then such finding and declaration are conclusive for all purposes, and no special tax bills shall be invalid or affected by any defect in or objection to the petition, and that such an ordinance when so passed is not subject to attack, except perhaps on the ground that its passage was the result of fraud and corruption.

It was suggested in argument that certain affidavits have been filed in this court since the cause was transferred to it by appeal, from which it appeared that the paving of said Grand avenue had been fully completed since the appeal was taken, and that, for that reason, the bill of plaintiffs should be dismissed by us, inasmuch as if reversed and remanded, it would be a vain and useless thing for the chancellor to restrain the doing

of that which had already been done. Our rule and duty is to determine a cause upon the record as it comes to us from the trial court, and while the matter thus brought to our attention might properly be considered by the trial court if brought before it, it cannot be considered by us.

The judgment is reversed and the cause remanded. Sherwood and Ray, JJ., concurring, Black and Brace, JJ., dissenting.