# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1922.

JACOB STOCKE, Appellant, v. JOHN B. EDWARDS
et al., Constituting Board of Election Commission-
ers of City of St. Louis.

In Banc, October 27, 1922.

1. **RIGHT TO SUE:** Taxpayer: Invalid Statute. A taxpayer and
resident owner of property, who sues on behalf of himself and
all other citizens of a certain city similarly situated who may
wish to join in the suit, and alleges in his petition that he and
they have no adequate remedy at law and that his and their
burdens of taxation will be increased by a certain statute, appli-
cable to said city alone and about to be enforced by defendants,
thereby asserting an injury peculiar to the taxpayers of the city
distinct from the general public (which allegations are admitted
by a demurrer to the petition), can maintain a suit to have said
statute declared void as being violative of specified provisions of
the Constitution.

2. **CONSTITUTIONAL LAW:** Special Session of Legislature: Gov-
ernor's Message. Where the only relevant subject submitted by
the Governor's special message to an extra session of the General
Assembly was, "The subject of making the assessors in cities of
five hundred thousand or over elective state officials," the Legis-
lature had authority to make the office of assessor in the city of
St. Louis elective, but it had no power to fix the term of the office
of assessor, authorize the appointment of deputies and employees,
provide for the taking of an oath of office and the giving of a bond
by the assessor, direct the manner of assessing property and mak-

Stocke v. Edwards.

ing up assessment books and abstracts thereof, specify the salary of the assessor, and prescribe the manner of payment of the costs and expenses of assessments each year, or to create a board of equalization for such city, prescribe the powers and duties of said board, and empower it to hear complaints and appeals, to adjust, correct and equalize the valuations and assessments of any taxable property within the city, to add, assess and equalize the value of any property omitted from the assessment books, and to adjust and correct the assessment books generally, thereby authorizing said board to act independently of the assessor; for it cannot be logically asserted that such subjects fall within the subject submitted by the message, to-wit, the subject of making the office of assessor elective; and consequently the Act of 1921 providing for all these subjects (Laws 1921, Ex. Sess., p. 107) is violative of that part of the Constitution (Art. 4, sec. 55) declaring that "the General Assembly shall have no power when convened in extra session . . . to act upon subjects other than those specifically . . . recommended by special message to its consideration by the Governor," and is void.

3. ——: ——: ——: **Transcending Recommendation.** The Legislature cannot at an extra session transcend the limits of the subject submitted to it by the Governor's special message, or act upon topics not congruous to that subject. Where the only subject contained in the Governor's special message to the General Assembly convened in extra session is "making the assessors in cities of five hundred thousand or over elective state officials," the General Assembly cannot enact a valid statute covering a great number of details and particulars relating to the authority and duties of the assessor in such a city, and creating a distinctive board with powers and duties separate and apart from the assessor, in addition to making said officer elective.

Appeal from St. Louis City Circuit Court.—*Hon. Robert W. Hall,* Judge.

REVERSED.

*E. E. Schowengerdt, A. W. Wenger* and *Buder & Buder* for appellant.

(1) Plaintiff is a proper party to bring this suit. A citizen and taxpayer of Missouri can bring an action to enjoin administrative officials from doing an unconstitutional or illegal act. Newmeyer v. Railroad, 52 Mo.

81; State v. Curators, 57 Mo. 178; State ex rel. v. Woodside, 254 Mo. 580; Carson v. Sullivan, 223 S. W. 571; Harris v. Langford, 277 Mo. 533; 1 High on Injunctions (4 Ed.) secs. 273, 274. (2) The act of the Legislature under which the defendants propose to act was not passed in accordance with the constitutional mandates. Sec. 26, Art. IV, Mo. Constitution. (3) The title of the act fails to truly express its contents and fails to show that its purpose was to amend, alter and repeal certain articles and sections of the Revised Statutes and is therefore violative of the Constitution. Sec. 28, Art. IV, Mo. Constitution; State v. McEniry, 269 Mo. 228; State v. Sloan, 258 Mo. 313; State v. Coffee Co., 171 Mo. 634; State v. Rawlings, 232 Mo. 557; State v. Crites, 277 Mo. 194; St. Louis v. Weitzel, 130 Mo. 616; State ex rel. v. Hackman, 237 S. W. 743. (4) The act as passed was not within the limits of the special message of the Governor, but greatly in excess thereof and therefore void. Sec. 55, Art. IV, Mo. Constitution; State ex rel. v. Edwards, 241 S. W. 945; Wells v. Railway, 110 Mo. 286; State v. Fulks, 207 Mo. 26; State v. Wortman, 213 Mo. 131. (5) The power of the Legislature when convened in special session is strictly limited, and for acts passed at such a session to be valid the Legislature must have strictly complied with all constitutional requirements. State ex rel. v. Robinson, 270 Mo. 212; State ex rel. v. Cave, 272 Mo. 653.

*George F. Haid* and *Oliver Senti* for respondents.

(1) Every intendment is in favor of the due enactment of statutes, and in absence of a contrary affirmative showing upon the journal it will be presumed that statutes were constitutionally enacted. Common Council of Detroit v. Rentz, 91 Mich. 78, 16 L. R. A. 63; State ex rel. v. Mead, 71 Mo. 272; State ex rel. v. Field, 119 Mo. 610; Gas v. Evans, 244 Mo. 343. (2) The act in question, so far as it provides for the election of assessors, is valid. 25 R. C. L. sec. 87; Bosworth v. State Uni-

versity, L. R. A. 1917-B, 808, 811; State ex rel. Bixby v. St. Louis, 241 Mo. 231, 247.

*J. M. Lashly amicus curiae.*

(1)  The legislation drawn in question is within the limits of the special messages of the Governor.   (a) Under a message directing the special session to act upon "the subject of making the assessors in cities of 500,000 or over elective state officials," the Legislature could validly enact a law providing for the election of an assessor in such cities.  State v. Rawlings, 232 Mo. 544; Sec. 55, Art. IV, Mo. Constitution; State ex rel. Rice v. Edwards, 241 S. W. 945.  (b)  The power was also inherent in the Legislature to pass any reasonably incidental laws which are necessary to carry out and accomplish the objects set forth in the special message. Coffey v. City of Carthage, 200 Mo. 616; O'Conner v. Transit Co., 198 Mo. 622.  (2)  Even although it should be held that the creation of a board of equalization was beyond the objects limited in the special message of the Governor, this fact will not affect the validity of the other sections of the act, which are easily separable. Nalley v. Home Ins. Co., 250 Mo. 452; State ex rel. v. Guinotte, 275 Mo. 318; Simpson v. Iron Works, 249 Mo. 378; State v. Rawlings, 232 Mo. 544; State v. Hackman, 237 S. W. 744; State v. Layton, 160 Mo. 474; State v. Tea & Coffee Co., 171 Mo. 634.  (3)  The sections under fire are sufficiently responsive to the title to the act. O'Conner v. Transit Co., 198 Mo. 622; Coffee v. Carthage, 200 Mo. 616; St. Louis v. Weitzel, 130 Mo. 600; State v. Price, 229 Mo. 677; State v. Rawlings, 232 Mo. 544; State v. Miller, 100 Mo. 444.  (4)  It is not essential that the title show that the act repeals or amends some other law.  Whether the law as enacted does in fact repeal or amend another law is a question for the courts, not the Legislature, to determine.  State ex rel. McClintock v. Guinotte, 275 Mo. 317.  (5)  It is apparent from the face of the petition that there was no defect in

the procedure of the General Assembly, and that the bill was validly and legally passed. (a) The petition fails to plead the ultimate fact that the bill was put upon its first reading before receipt of the Governor's message, but merely makes certain charges affecting the order in the journal in which the entries appear. (b) The order of appearance in the journal is in itself no evidence of irregularity and the record showing both the receipt of the special message and the first reading of the bill upon the same day, the law which will not deal with parts of a day (*de minimis non curat lex*) will presume regularity of procedure. Farmers Bank v. Bayless, 41 Mo. 275; Thomas Bros. v. Railroad Co., 173 S. W. 96. (c) The journal recitation that the bill was read the second and third times presupposes as a matter of law that there had been a valid first reading. English v. Oliver, 28 Ark. 320; Ins. Co. v. Loan Co., 20 Colo. 5; Wegand v. Strover, 35 Kan. 553; Board of Curators v. Ins. Co., 128 Fed. 824; State v. McConnell, 3 Lea (Tenn.) 341. (d) Nor would the fact, if it be a fact, that the Assembly heard the first reading of the bill before the arrival of the special message violate the mandate of the Constitution, Art. IV, sec. 55, which merely limits the power of the Assembly to act upon matters.

ELDER, J.—This is an action by plaintiff as a resident and taxpayer of the city of St. Louis, seeking to enjoin defendants, who constitute the Board of Election Commissioners of said city, from submitting to the voters and printing upon the official ballot at the coming general election to be held November 7, 1922, the names of the Republican, Democratic and Socialist Labor candidates for the office of Assessor of the City of St. Louis. The suit involves the constitutionality of an act passed at an extra session of the Fifty-first General Assembly, Laws 1921, Extra Session, page 107.

The facts in the case and the grounds upon which plaintiff assails the law in question are detailed in the petition, which is as follows:

"Comes now the plaintiff and alleges that he is a

citizen of the United States and a resident of the City of St. Louis, Missouri; that he is the owner of real estate and personal property situated and located therein and a taxpayer on the same; that he is bringing this suit on behalf of himself and all other citizens and taxpayers who are similarly situated and interested with him and wish to join herein.

"That defendant John B. Edwards is the president of the Board of Election Commissioners of the City of St. Louis, Missouri; that defendant Edward S. Lewis is its secretary, and defendants John H. Holliday and James Y. Player are the remaining members of said board. That said board has charge of and supervision over all elections held in said city.

"And for his cause of action plaintiff states that the city of St. Louis is a city located within the boundaries of the State of Missouri, and according to the last United States Census of the year 1920 it had, and still has, a population in excess of five hundred thousand inhabitants. That there will be held in said city on Tuesday, November 7, 1922, a general state election, and at said election, among other offices to be voted for, the defendants propose to submit to the voters of said city the office of 'Assessor of the City of St. Louis.' That the defendants are about to, and unless restrained by this honorable court will, have printed on the regular official blanket ballot to be submitted to the voters on said 7th day of November, 1922, the names of William Buder, as the Republican candidate, George Hruska the Democratic candidate, and George Gerdes as the Socialist Labor candidate. That the office of Assessor for the City of St. Louis is an appointive one under the charter of said city, and has been duly filled by appointment of the mayor, and one William Buder is now the duly appointed, qualified and acting assessor for said city, having been appointed for a period expiring April, 1925. That there is now no existing vacancy in said office.

"That the defendants propose to, and will, submit said office of the Assessor of the City of St. Louis to

the electors under and by virtue of the provisions of an act passed by the 51st General Assembly of the State of Missouri, while in extra session, approved July 21, 1921, and entitled, 'An Act providing for the election of an Assessor in cities now having, or which may hereafter have, a population of five hundred thousand inhabitants or more, defining his duties and providing for a board of equalization in said cities,' and found in the Laws of Missouri of 1921, Extra Session, page 107.

"That on the 31st day of May, 1921, the Governor of the State of Missouri issued his proclamation calling in extra session the Fifty-first General Assembly of the State of Missouri. Said proclamation of the Governor is in words and figures as follows:

" 'Whereas, The people of the State of Missouri did, on the 2nd day of November, 1920, by their vote amend the Constitution of the State of Missouri and authorize the General Assembly of the State of Missouri to contract or to authorize the contracting of a debt or liability on behalf of the State, and to issue bonds·or other evidences of indebtedness not exceeding in the aggregate sixty millions of dollars for the purpose of constructing hard surfaced public roads in each county in the State, subject to the further terms and conditions in said amendment more fully set forth; and

" 'Whereas, Such amendment can only be made effective by the action of the General Assembly of the State of Missouri; and

" 'Whereas, The above and other matters of immediate importance demand the attention of the Fifty-first General Assembly of the State of Missouri;

" 'Now, therefore, I, Arthur M. Hyde, Governor of the State of Missouri, by virtue of the authority in me vested by the Constitution and Laws of the State do hereby convene the Fifty-first General Assembly of the State of Missouri in extra session, and I do hereby call upon the Senators and Representatives of the said General Assembly to meet in their respective places in the state capitol in the City of Jefferson, at the hour of 12 o'clock m. on the 14th day of June, 1921, to consider and enact such  legislation as may to the General Assembly seem proper concerning the following subjects and purposes:

" '1.   The issuance and sale of said bonds or evidences of indebtedness in an amount not exceeding sixty million dollars.

" '2.   The means methods and safeguards governing the expenditure of said sum, or any part thereof.

" '3.  Designating the roads to be improved, and providing for the repair and maintenance of such improved or designated roads.

" '4.  Road legislation generally.

" '5.  Legislation governing primary elections and the nomination of candidates for office within the State of Missouri.

" '6.  The reduction of tax levies made by the General Assembly.

" '7.  Such other matters and subjects as may be recommended by the Governor by special message to the special session of the General Assembly for its consideration after it shall be convened.

" 'In testimony whereof, I have hereunto set my hand and caused to be affixed the Great Seal of the State of Missouri.

" 'Done at the City of Jefferson, this 31st day of May, A. D. 1921.

" 'ARTHUR M. HYDE.

" '(SEAL).

" 'By the Governor:

" 'CHARLES U. BECKER,

" 'Secretary of State.'

"That said General Assembly duly convened in special session at the State Capitol on said 14th day of June, 1921, and in the course of its deliberations passed the above mentioned act relating to the election of assessors for cities of five hundred thousand inhabitants or more.

"Plaintiff further states that the proclamation of the Governor calling the special session contained no mention relating to the office of assessor, and no mention of said office was contained in any special message of the Governor's other than that of July 1, 1921, hereinafter referred to.

"And plaintiff further states and charges that said new act furnishes no warrant for the proposed and threatened action of the defendants, and said act is unconstitutional and void in the following respects:

"First, the new act is in contravention with and violative of Section 28 of Article IV of the Constitution of Missouri, in that said act amends, enlarges, modifies or repeals various sections of the Revised Statutes of Missouri of 1919, without making reference to such facts in the title thereof.  That is to say, the various sections of said new act attempt to and do amend Articles II and

III of Chapter 119 of said Revised Statutes of Missouri of 1919, in so far as said articles are applicable to cities in this State which now have, or which may hereafter have, a population of five hundred thousand inhabitants or more. That Section 2, of the new act enlarges the provision of Section 12761, Revised Statutes of 1919. Section 3 enlarges, adds to and amends Section 12762, Revised Statutes 1919. Section 4 enlarges and amends Section 12764, Revised Statutes 1919. Section 5 enlarges and amends Section 12766, Revised Statutes 1919. Section 6 amends and enlarges Section 12770, Revised Statutes 1919. Section 12 amends and enlarges Section 12816, Revised Statutes 1919. Section 12 amends and enlarges Section 12816, Revised Statutes 1919, as amended by the Laws of 1921, page 671. Sections 7, 8, 9, 10 and 11 amend and enlarge Sections 12820, 12822, 12823, 12824, 12825, 12826 and 12827, Revised Statutes 1919. Section 14 of said new act specifically provides 'that all acts and parts of acts inconsistent with this act are hereby repealed in so far as they are inconsistent herewith; and the general law as now existing in all matters relating to taxation, not specially provided for in this act, shall continue to be the law for cities coming within the operation of this act.' No mention is made in the title to said new act of the intention and purpose of the Legislature to so amend, change, enlarge or repeal all or part of the then existing law, said title to said new act merely being, 'An Act providing for the election of an Assessor in cities now having, or which may hereafter have, a population of five hundred thousand inhabitants or more, defining his duties and providing for a board of equalization in said cities.' The act is therefore void.

"Second. Said act is unconstitutional and void also because the same was not properly passed by the General Assembly of the State of Missouri in that the journal of the Senate covering the extra session of the year 1921 of the proceedings of the Senate on July 1, 1921, at page 1276, shows that the act in question, being Senate

Bill No. 56, was introduced and read for the first time; in the minutes of the proceedings of the Senate upon the same day, at pages 1277 and 1278, appears the Governor's special message to the Extra Session of the Fifty-first General Assembly, relating to the making of the office of assessor an elective one in cities of five hundred thousand inhabitants or over; that the minutes of the proceedings of the Senate on July 6, 1921, at page 1288 of the printed journal show that Senate Bill No. 56 was read a second time; that the minutes of the proceedings of the Senate of July 15, 1921, at page 1363 of the printed journal of the Senate, show that Senate Bill No. 56 was read the third time and passed; that the act, therefore, was passed in contravention of Section 26, Article IV of the Constitution of Missouri.

"Third.   Said new act is further unconstitutional and void in that said act attempts to, and does, legislate upon matters and things other than, and in excess of, the special matters submitted by the special message of the Governor to the Fifty-first General Assembly and more particularly by the special message dated July 1, 1921, which message to the Senate reads as follows (Page 1277):

"'To the Senate of the Special Session of the Fifty-first General Assembly:

"'I have the honor to submit for the action of your body the following subjects:

"'First—The subject of making the assessors in cities of five hundred thousand or over elective state officials.

"'Second—The amendment of the blind pension act of the regular session to permit examination of applicants by qualified physicians as well as by oculists.

"'ARTHUR M. HYDE, Governor.'

"That the message to the House of Representatives is identical in form to the above message to the Senate, except that it is addressed 'To the House of Representatives of the Special Session of the Fifty-first General Assembly' (Page 1588).

"That said new act, as passed, not only provides for the election of assessors in cities now having, or

which may hereafter have, a population of five hundred thousand inhabitants or more, but it goes much further and specially defines the duties and powers of such assessor, fixes the salary of the office and creates and provides for a special board of equalization in such cities. That in doing so, the Legislature violated the provisions of Section 55 of Article 4 of the Constitution of Missouri which provides: 'The General Assembly shall have no power, when convened in extra session by the Governor, to act upon subjects other than those specially designated in the proclamation by which the session is called or recommended by special message to its consideration by the Governor after it shall have been convened.'

"Plaintiff further states that he and other taxpayers of the city of St. Louis have no adequate remedy at law, and that his and their burdens will be proportionately increased at least to the extent of the increased cost of printing the names of the candidates for the office of assessor on the ballots to be used at said election unless the defendants are restrained.

"Wherefore plaintiff prays that the defendants as members of and constituting the Board of Election Commissioners of the City of St. Louis be perpetually enjoined and restrained from submitting said office of 'Assessor' to the electors and from printing the names of the respective candidates for said office of 'Assessor' above mentioned on the official ballots to be submitted to voters at said election, and for such other and further orders, judgments and relief as to the court may seem meet and proper in the premises."

To this petition defendants filed a demurrer, alleging (1) that the petition does not state facts sufficient to constitute a cause of action; (2) that it fails to set forth any ground or right of equity in plaintiff; (3) that there is a defect of party plaintiff; (4) that plaintiff is not the real party in interest; (5) that plaintiff has no legal right or standing to maintain the action.

After the filing of the demurrer, but before submission thereof, Jacob M. Lashly, Esquire, attorney for one of the candidates for assessor, entered his appearance, by leave of court, as *amicus curiae.* The demurrer of defendants was thereupon refiled and submitted to the court, whereupon the same was sustained. Plaintiff declining to plead further, final judgment was rendered in favor of defendants and plaintiff's bill was dismissed. From this judgment plaintiff has appealed.

I.  The demurrer of defendants having challenged plaintiff's right to maintain the suit, it is essential, at the threshold of a consideration of the case, that we give attention to that question.

As shown by the petition, plaintiff brings his action as a resident of the city of St. Louis, the owner of real estate and personal property therein, and a taxpayer on the same. He sues on behalf of himself and all other citizens and taxpayers similarly situated and interested, who may wish to join with him. He alleges that he and other taxpayers have no adequate remedy at law and that their burdens will be increased at least to the extent of the increased cost of printing the names of the candidates for assessor on the ballots to be used at the election. These allegations the demurrer admits. The petition accordingly sets up facts under which plaintiff and other taxpayers will be specially and individually damaged by the threatened unlawful act of defendants, through an increase in the burden of taxation upon their property. The damage suffered will therefore constitute an injury peculiar to the taxpayers of the city of St. Louis, distinct from the general public, and plaintiff, as such a taxpayer, is entitled to maintain the action. [Newmeyer v. Railroad, 52 Mo. 81; Harris v. Langford, 277 Mo. 527; Carson v. Sullivan, 284 Mo. 353; State ex rel. McMillan v. Woodside, 254 Mo. 580.]

II.  Plaintiff contends that the law enacted at the extra session of the General Assembly, Laws of Missouri, 1921, Extra Session, page 107, under which de-

fendants propose to act, was beyond the limits of the special message of the Governor to the Assembly, and therefore void. If there is merit in this contention, the demurrer to the petition was erroneously sustained.

Referring to the special message of the Governor to the extra session of the Legislature, as set forth in the petition, it will be noted that the only subject submitted, for action, which is relevant to the instant proceeding, was, "The subject of making the assessors in cities of five hundred thousand or over elective state officials." Turning to the act passed by the General Assembly, it will be observed that Section 1 thereof provides for the election of an assessor in cities which now have or may hereafter have a population of five hundred thousand inhabitants or more. Sections 2, 3, 4, 5, 6, 11, 12 and 13 of said act fix the term of office of the assessor, authorize the appointment of deputies and employees, provide for the taking of an oath of office and the giving of bond by the assessor, direct the manner of assessing property and making up assessment books and abstracts thereof, specify the salary of the assessor, and prescribe the manner of payment of the costs and expenses of assessments each year. While it might plausibly be argued that the matters contemplated by said last mentioned sections are incidental and pertinent to the office and duties of assessor, it cannot, however, be logically asserted that they fall within the subject submitted by the Governor's message, to-wit, making the office of assessor elective.

Proceeding to a further perusal of the act, it will be perceived that Sections 7, 8, 9 and 10 create a board of equalization, prescribe the powers and duties of said board, and fix the time of meetings and the giving of notice thereof. By Section 8 it is provided that the board shall have power "to hear complaints and appeals, and to adjust, correct and equalize the valuations and assessments of any taxable property, real or personal, within such city, and to assess and equalize the value of any taxable property, real or personal, within

such city, and to assess and equalize the value of any taxable property, real or personal, omitted from the assessment books then under examination by them, and to adjust and correct the assessment books accordingly.'' It is manifest that all of these powers, except that of assessment, are foreign, not only to the subject covered by the message of the Governor, but to the duties of assessor as well. The board of equalization, as intended by Section 8, is a body which shall act independently of the assessor, and exercise an appellate as well as, in some cases, an original jurisdiction. It is not a mere administrative detail or operative regulation incident to the duty devolving upon assessors, but constitutes a distinct and separate entity in the field of taxation.

With the foregoing in mind we next direct our attention to Section 55, Article IV, of the Constitution, which plaintiff claims the act under review contravenes. Said section is as follows:

''The General Assembly shall have no power, when convened in extra session by the Governor, to act upon subjects other than those specially designated in the proclamation by which the session is called, or recommended by special message to its consideration by the Governor after it shall have been convened.''

That none of the provisions of the Act of 1921 were contemplated by the first six purposes enumerated in the proclamation by which the extra session of the Legislature was called, is apparent from a reading of the proclamation as set forth in the petition. Adverting again to the special message of the Governor, sent no doubt pursuant to the seventh purpose mentioned in the proclamation, we find, as heretofore stated, that the subject of the election of assessors was the only subject recommended in such message. Therefore, when the Legislature proceeded to enact a law covering a great number of details and particulars relating to the authority and duties of assessor, other than and in addition to the election of such official, and creating a distinctive board with powers and duties separate and apart from

those of assessor, it exceeded its authority and the act fell within the constitutional inhibition. As directly in point we refer to the recent pronouncement of this court in State ex rel. Rice v. Edwards, 241 S. W. 945, wherein it was ruled that an act was beyond the authority of the legislative body and void where a special message of the Governor, addressed to the General Assembly in extra session, submitted for action an amendment to a statute so as to permit the division of cities of six hundred thousand inhabitants or over into districts for justices of the peace, and the act passed included districts for constables as well as for justices of the peace. As there said, l. c. 948, 949, "The Governor can and should specifically name the matter or subject for legislative action. When he has specifically named it, all the courts hold that the Legislature cannot go beyond it. Not a case cited by respondents contravenes this rule. The matter submitted was as to districts for justices of the peace, and nothing more. The legislation goes beyond this submission and is for that reason void." And so here, the matter submitted was, "making the assessors in cities of five hundred thousand or over elective state officials." The Legislature, however, transcended the limits of this subject and acted upon other topics not congruous therewith. The act must accordingly be held to be unconstitutionl and void. As additional authority for the conclusion so reached reference might be made to the case of Wells v. Railway Co., 110 Mo. 286, wherein the principle here enunciated was likewise applied.

Other grounds are urged by plaintiff against the validity of the act upon which defendants' proposed action is predicated. The insistence above ruled upon suffices, however, to dispose of the case.

For the reasons herein appearing, the judgment of the circuit court is reversed. *Woodson, Graves, Higbee* and *Walker, JJ.,* concur; *James T. Blair, C. J.,* and *David E. Blair, J.,* concur in the result.